## UNION MUTUAL LIFE INSURANCE COMPANY v. H. L. CROWL AND WIFE.

### Decided March 22, 1902.

**Deed—Warranty Restricted—Incumbrances.**

A purchaser contracted for a deed which was to be in the statutory form (containing the words "grant and convey"), but without warranty. The deed furnished contained an added clause warranting against claims through and under the grantor "and none other." The statute provides that from the use of the words "grant and convey" in a deed there shall be implied only a warranty against prior conveyances by the grantor and against incumbrances. Held, that the added clause rendered the deed, at least as to incumbrances, more restrictive than the one contracted for, and was not a compliance with the contract, although it did not appear that there were any incumbrances. Rev. Stats., art. 633.

Error from Tarrant. Tried below before Hon. Irby Dunklin.

*Felix H. Robertson,* for plaintiff in error.

*Q. T. Moreland, Capps & Canty,* and *Theodore Mack,* for defendants in error.

CONNER, CHIEF JUSTICE.—Mrs. Crowl owned in her own separate right lot 4 in block 5 of Hirshfield's addition to the city of Fort Worth. The plaintiff in error was the owner of the adjoining lot, No. 3 in said block. In March, 1896, H. L. Crowl agreed to buy, and plaintiff in error, acting through its agents, one Imboden and Felix H. Robertson, agreed to sell to H. L. Crowl said lot 3 for the sum of $10,500, for which on afterwards, to wit, the 27th day of April, 1896, H. L. Crowl gave his notes secured by deed of trust duly executed by Crowl and wife on both lots 3 and 4. This action was brought by Crowl and wife against the insurance company and said Robertson, who had been made trustee in said deed of trust, to enjoin a trustee's sale by Robertson of said lots 3 and 4, and to cancel the notes and deed aforesaid. It was alleged that in the contract of purchase Imboden and Robertson had agreed that the insurance company should execute a deed for said lot with the usual covenants of warranty; that said Robertson, pursuant thereto, dictated to said Crowl the form of conveyance to be delivered. It was further alleged that the insurance company did not execute the form of conveyance as agreed upon, but that "the said defendant wrongfully, fraudulently, and without the knowledge or consent of plaintiff, H. L. Crowl, and by fraudulent imposition on his credulity, confidence, and reliance upon the said defendant and its said agent, substituted and changed the form of conveyance as originally dictated, * * * and executed a conveyance which contained no covenants of warranty, statutory or contractual, other than 'by, through, or under it;'" that when said executed deed was delivered to H. L. Crowl on the date of the execution of said notes, the instrument in all particulars appeared to be as the form so prepared, and that he, Crowl, "being unlearned in the law and having implicit confidence in the representations so made to him and presented with such a convincing show of fairness, he accepted the said conveyance, fully and verily believing the same to be the conveyance in form of conveyance with all statutory covenants as had been agreed to be delivered."

Upon these issues, and others not necessary here to notice, the verdict was for the defendants in error, canceling and annulling said note and deed of trust and said conveyance of the insurance company; revesting title to lot 3 in it; and also adjudging in favor of the insurance company a balance of $1433.04 found to be due from H. L. Crowl in the adjustment of the issues arising out of the collection of certain rents on the premises while in the possession of the Crowls, and the payment of certain taxes, etc., by the insurance company. From the judgment so rendered the writ of error herein has been sued out.

We think there is but a single question requiring of us particular notice. The evidence shows that the form of conveyance dictated by Robertson to Crowl is a substantial copy of the form set forth in article 628 of the Revised Statutes, except that it contained no warranty clause. Crowl kept a copy of this conveyance, the original form as dictated and from which this copy was taken being delivered to Robertson for the

purpose of execution. The evidence further shows that the deed as executed and delivered to Crowl was the same as that delivered to Robertson for execution, save that in its execution the following clause had been added: "Said Union Mutual Life Insurance Company of Portland, Me., does hereby bind itself to forever warrant and defend the title of said property unto the said Harry L. Crowl, and Josephine H. Crowl, their heirs and assigns, against the lawful claims of all persons claiming or to claim the same, or any part thereof, by, through, or under the said company but none other." And this raises the only serious question presented, our conclusion being that upon all controverted issues of fact the evidence supports the judgment, including the sufficiency of the excuse offered by Crowl and wife for their failure to discover the change in the deed of which they now complain at the time it was delivered to H. L. Crowl, and until the time at which it was shown they promptly sought to repudiate the sale.

Article 633 of the Revised Statutes provides that from the use of the word "grant" or "convey," in any conveyance of land, the following covenants and "none other" on the part of the grantor are implied, unless restrained by express terms contained in such conveyance: (1) "That previous to the time of the execution of such conveyance the grantor has not conveyed the same estate, or any right, title, or interest therein, to any person other than the grantee;" and (2) "that such estate is at the time of the execution of such conveyance free from incumbrances." The material question presented, therefore, is whether the deed actually delivered to H. L. Crowl was substantially different from that contracted for. For, though it may not have been in the precise terms agreed upon, yet if it was substantially the same defendants in error have no cause of complaint. In other words, did the use of the additional clause above quoted to the Crowl deed so limit the conveyance as contracted for as to make it substantially different? The question has not been entirely free from difficulty, but we have concluded that the added terms in effect, in a substantial way, restrained the covenants that must be implied from the words of the granting clause as contracted for. The conveyance as in fact made was doubtless sufficient to bind the company on its warranty as against any conveyance theretofore made by it to another, but we think it failed to have such effect as to incumbrances. Let us suppose, for instance, that by the holder of some prior valid tax or other lien foreclosure proceedings were instituted and the property sold, could it be said that a purchaser at such foreclosure proceedings claimed "by or through" the insurance company and "none other"? We think not. We think, in this particular at least, if not in others, the deed was materially different from the conveyance provided for by the contract of purchase. It is true no evidence of any claim of title or incumbrances adverse to that conveyed by the insurance company is to be found in the record, but, says Mr. Warvelle in his work on Vendors, volume 1, section 5, page 309: "The fact that the proposed title is practically unassailable carries no

weight in the consideration of a question of this character. It is suffi-cient that such title is substantially different from the one contracted for, and the motives and fancies of mankind are so various, that the law, which recognizes the right of parties to make just such contracts as they choose, will not call upon a man who has contracted to purchase one thing to explain why he refuses to accept another. To compel a purchaser to take that which he never agreed to accept would be manifestly unjust, no matter what might be its character or value."

Again, the same author in the same volume, page 347, section 18, says: "In every contract for the sale of lands, whatever may be the language in which it is couched, there is an implied undertaking to furnish a good title, unless such an obligation is expressly excluded by the terms of the agreement, and, in the absence of any stipulation as to the kind of conveyance, to make such a deed as will render the sale effectual. If the contract calls for a specific title or method of conveyance, the purchaser may insist upon strict performance, and can not be compelled to accept any other or different title or medium of transfer, notwithstanding such proposed substitutes may be equally as good."

We conclude with the following further quotation from the same author on page 418, volume 1, which seems to suggest all that need be added: "Nor is there anything harsh, oppressive or unjust in this rule; on the contrary, it is in consonance with every principle of natural justice, and in its practical application tends to give stability and permanence to real estate titles. Indeed, the very fact that a vendor is unwilling to warrant the title to the property he sells, or at best is unwilling to do more than covenant against his own acts, is in itself an imputation of discredit, or, as remarked by Story, J., a significant circumstance in affecting a purchaser with notice of outstanding equities or paramount title."

The rules so announced seem to be supported by the authorities cited in the notes, and commend themselves to us as of just application in this case, and in our opinion authorize the affirmance of the judgment, we having failed to find merit in assignments of error presenting other questions. The judgment is affirmed.

*Affirmed.*

Writ of error refused.

Hunter, Associate Justice, did not sit in this case.