## SCOTT v. MISSOURI, O. & G. RY. CO.

(Court of Civil Appeals of Texas. Dallas. Oct. 26, 1912. Rehearing Denied Nov. 30, 1912.)

1. RAILROADS (§ 121*)—COMPETING OR PARALLEL LINES.

The Missouri, Oklahoma & Gulf Railway Company, which runs substantially north from Denison, Tex., to Waggoner, Okl., was not a competing or parallel line, within Rev. St. 1895, art. 4529, prohibiting the leasing of one of such lines by the other, to the Denison, Bonham & New Orleans Railway Company.

[Ed. Note.—For other cases. see Railroads, Cent. Dig. §§ 381–385; Dec. Dig. § 121.*]

2. RAILROADS (§ 82*)—FORFEITURE OF CHARTER—EMINENT DOMAIN.

The forfeiture of its charter by a railroad for failure to construct its road within the time required by law did not cause the right of way to revert to the original owner, but such easement remained subject to the provisions of Rev. St. 1895, art. 4473, which provides, in case of forfeiture of a railroad charter, its right of way shall remain subject to an extension of the charter, or the grant of a new charter over the same way without a new consideration, and it makes no difference whether the right of way is acquired directly from the owner of the fee or by condemnation.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 213–219; Dec. Dig. § 82.*]

3. RAILROADS (§ 82*)—RIGHT OF WAY—USE BY ABUTTING OWNER—EFFECT.

In the absence of proof of the adverse use of a right of way by the abutting owner, the easement for the road will not be destroyed.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 213–219; Dec. Dig. § 82.*]

4. RAILROADS (§ 82*)—RIGHT OF WAY—ABANDONMENT.

A railroad which obtained a right of way, graded it, paid taxes on it, and never ceased trying to use it for railroad purposes, and finally succeeded in putting it to such use, cannot be held to have abandoned it; although when the way was first graded the company put gates in each fence, and the abutting owners remained in possession.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 213–219; Dec. Dig. § 82.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

Appeal from District Court, Grayson County; B. L. Jones, Judge.

Action by the Missouri, Oklahoma & Gulf Railway Company against J. H. Scott. Judgment for plaintiff, and defendant appeals. Affirmed.

N. H. L. Decker and R. M. Finley, both of Denison, for appellant. John T. Suggs, of Denison, for appellee.

RAINEY, C. J. Appellee, claiming the right of way over certain land, sued out a writ of injunction against appellant, who threatened, by force and violence, to prevent appellee from entering upon and constructing its railway on and across said land.

Appellant claimed to have purchased the land without notice of appellee's claim, and pleaded the statutes of limitation and abandonment of said right of way by appellee's grantors.

Upon a hearing judgment was rendered perpetuating said injunction, except as to one tract of three acres, over which appellee was awarded the right of way upon the payment of $100. From this judgment, appellant appeals.

### Conclusions of Fact.

In January, 1887, the Denison, Bonham & New Orleans Railway Company was chartered by the state of Texas to construct a railroad from the city of Denison, in Grayson county, Tex., in and through the counties of Grayson, Fannin, Hunt, and Delta, by way of Bonham, in Fannin county. Said railway company, in 1888, graded its roadbed from Denison to Bonham; and it procured the right of easement over the land in controversy, except the three acres from one Turley, who then owned the land. After grading the road, in 1888 the Denison, Bonham & New Orleans Railway Company became insolvent, and did nothing further toward constructing its road until 1901, when its properties, rights, and franchises were sold under execution and bid in by the Denison, Bonham & New Orleans Railroad Company, which had been incorporated for that purpose; and the president, directors and stockholders of said railway company, by deed in writing, conveyed unto the Denison, Bonham & New Orleans Railroad Company all the right, title, and interest of the railway company to said property. This was done March 13, 1901. The Denison, Bonham & New Orleans Railroad Company then constructed its track over the right of way of the old railway company from Bonham to within five miles of Denison, at which point it deflected and connected with the track of the Missouri, Kansas & Texas Railway Company, over which it operated its road into the city of Denison. The right of way in question is located on that part of the line between Denison and where the Denison, Bonham & New Orleans Railroad Company's track deflects from the old line to connect with the Katy Road.

The Denison, Bonham & New Orleans Railroad Company transferred its right to the five-mile strip of right of way to the Missouri, Oklahoma & Gulf Railway Company for a valuable consideration, with an agreement that the Denison, Bonham & New Orleans Railroad Company could use appellee's track into Denison. The appellee's road runs practically north from Denison, Tex., to Waggoner, Okl.

When the Denison, Bonham & New Orleans Railway Company first constructed its grade, gates were placed in each fence where the grade passed through, and the owners of the land remained in possession, using and cultivating the land on either side. When appellant, Scott, bought from Turley, he saw the grade that had been constructed; but he made no inquiry about the easement, although he could have learned thereof by so doing. Turley remained in possession until he sold to Scott, without in any way repudiating the right of the railway company to its easement; and when Scott bought he took possession, held it in the same way, and never did anything indicating that his right was adverse to the claim of easement. There was no intention of abandonment of said easement by the railway company; it being the intention to utilize said right of way as soon as practicable.

### Conclusions of Law.

[1] 1. Article 4529, R. S., prohibits the consolidation of competing or parallel railway lines, and prohibits the purchase or leasing of one of such lines by the other. The facts show that the Missouri, Oklahoma & Gulf Railway Company's line was not a competing or parallel line, as contemplated by law, to the Denison, Bonham & New Orleans Railway Company; and therefore it does not come within the prohibition, as stated by statute.

[2] 2. The forfeiture of its charter by the Denison, Bonham & New Orleans Railway Company to construct its road within the time required by law did not cause its right of way to revert to the original owner of the fee; but such easement remained subject to the provisions of article 4473, Revised Statutes, which provides, in case of forfeiture of a railroad charter, its right of way "shall remain subject to an extension of the charter or the grant of a new charter over the same way without a new consideration." In this connection we remark that we see no difference whether the right of way is acquired directly from the owner of the fee, or by condemnation proceedings.

[3] 3. The appellant's plea of limitation is not sustained by the proof. The possession of appellant and of his grantor was not inconsistent with appellee's right of easement; there being no acts of either showing·

that they held adversely to the railway company's right of easement.

[4] 4. The facts fail to show an abandonment of said right of way. The evidence shows no intention of abandonment on the part of the railway companies. They graded it, paid taxes on it, and never ceased trying to use it for railroad purposes, and finally succeeded in putting it to the use for which it was originally acquired.

5. We find no material error in the record, and, considering all the circumstances, we think the justness of the case has been reached, and the judgment is affirmed.