ST. LOUIS SOUTHWESTERN RY. CO. OF TEXAS v. TEMPLE NORTHWESTERN RY. CO. et al.   (No. 5413.)

(Court of Civil Appeals of Texas. Austin. Nov. 4, 1914.)

1. EASEMENTS (§ 1*)—EMINENT DOMAIN (§ 317*)—RIGHT OF WAY—FEE—CONDEMNATION—ESTATE ACQUIRED.

Where a right of way is taken by condemnation proceedings under Texas statutes or is conveyed by deed, the fee remains in the owner of the land.

[Ed. Note.—For other cases, see Easements, Cent. Dig. §§ 1, 2, 5–7; Dec. Dig. § 1;* Eminent Domain, Cent. Dig. §§ 834–840; Dec. Dig. § 317.*]

2. EMINENT DOMAIN (§ 317*) — RIGHTS ACQUIRED—RIGHT OF WAY—"EASEMENT."

In condemnation proceedings an award of a right of way left the fee in the owner, and the right of way was an "easement" in the sense of "a right which one proprietor has to some profit, benefit, or lawful use out of or over the estate of another proprietor."

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 834–840; Dec. Dig. § 317.*

For other definitions, see Words and Phrases, First and Second Series, Easement.]

3. COURTS (§ 163*)—JURISDICTION OF COUNTY COURT—REVERSION OF EASEMENT.

In such proceeding, where the county court further provided that upon nonuser of the land for a right of way within two years it should revert to the owner of the fee, jurisdiction to determine the issue of reversion was in the district court, and not in the county court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 410–411, 443, 479, 1294; Dec. Dig. § 163.*]

4. EMINENT DOMAIN (§ 325*) — REVERSION — "CONDITION SUBSEQUENT."

In such proceeding, the right of forfeiture for nonuser was a "condition subsequent," one that when it does or does not happen, is or is

---

not performed, as the case may be, defeats the estate.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 854–856, 859; Dec. Dig. § 325.*

For other definitions, see Words and Phrases, First and Second Series, Condition Subsequent.]

5. EMINENT DOMAIN (§ 325*) — REOPENING JUDGMENT.

A judgment of the county court awarding a right of way, or easement, to revert to the owner, of the fee if not used within two years, could not be reopened by motion to declare the reversion on the ground of nonuser, since such motion was in the nature of an independent action to determine title to the easement dependent upon a future contingency, and not involved in the original suit, and which could not properly be made the predicate of such motion.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 854–856, 859; Dec. Dig. § 325.*]

6. JUDGMENT (§ 386*) — REOPENING JUDGMENT—FRAUD OR MISTAKE.

The county court's judgment in a condemnation proceeding, awarding a right of way to revert to the owner of the fee upon nonuser within two years became a final judgment upon the adjournment of that term of court, and hence could not be reopened after two years by a motion for forfeiture alleging neither accident, fraud, nor mistake as a basis therefor.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 735–744; Dec. Dig. § 386.*]

Appeal from Coryell County Court; G. E. Johnson, Judge.

Condemnation proceeding by the Temple Northwestern Railway Company against the St. Louis Southwestern Railway Company of Texas. Judgment for plaintiff, and defendant's motion in the original proceeding for judgment of forfeiture or reversion denied for want of jurisdiction, and defendant appeals. Affirmed.

Scott & Ross, of Waco, for appellant. T. R. Mears, of Gatesville, for appellee.

RICE, J. In 1910, the Temple Northwestern Railway Company filed proceedings in the county court of Coryell county against the St. Louis Southwestern Railway Company of Texas, seeking to condemn 8⁷/₁₀ acres of land out of the E. Norton survey, for right of way and other purposes. On the 16th of September, 1911, it recovered judgment in said court against appellant, condemning said land for such purposes, and awarding appellant damages therefor in the sum of $489.50, providing, however, that if said Temple Northwestern Railway Company, its successors and assigns, should fail, within 24 months from said date, to use said land for such purposes, the same should revert to appellant upon its repayment of said sum with 6 per cent. interest from date of said judgment. Thereafter the Temple Northwestern Railway Company became insolvent, and the Temple, Northwestern & Gulf Railway Company by purchase became its successor, and was legally entitled to all its franchises, rights, and property. On December 13, 1913, appellant paid to the trustees

mentioned in said judgment the $489.50, together with 6 per cent. interest thereon from September 16, 1911, and filed its motion in said original condemnation proceedings in the county court of Coryell county, asking that said cause be reopened, alleging that the Temple Northwestern Railway Company had dissolved, and was no longer undertaking to carry out the purposes for which it was organized, and that neither it nor its successor, the Temple, Northwestern & Gulf Railway Company, had used said land for any or either of the purposes mentioned in said judgment within 24 months from date thereof, whereby it asserted that they had forfeited any right, title, or interest awarded to them under said judgment. The trustees answered, alleging that said payment was made voluntarily by appellant to them without any demand on their part therefor, and the Temple, Northwestern & Gulf Railway Company, filed its plea to the jurisdiction of the court, first on the ground that the county court had no right to pass upon such alleged forfeiture, for the reason that it involved title to real estate, and was further without jurisdiction to reopen said judgment after the expiration of two years from its rendition without allegations of fraud, accident, or mistake, and also answered, denying its failure to use said land within two years. The trial court sustained the plea to the jurisdiction for both reasons, from which judgment this appeal is taken.

[1] It is true, as urged by appellant, that where a right of way is taken by condemnation proceedings under our statute, or such right of way only is conveyed by deed, the fee in either case remains in the owner of the land. See Lyon v. McDonald, 78 Tex. 71, 14 S. W. 261, 9 L. R. A. 295; Calcasieu Lumber Co. v. Harris, 77 Tex. 18, 13 S. W. 453; Texas Cent. Ry. Co. v. Bowman, 97 Tex. 417, 79 S. W. 295.

[2-4] Still, there is no warrant in either of these cases for holding that where the right or title to such an easement is in controversy, the county court would have jurisdiction to determine such question; but, on the contrary, it has been decided in this state that jurisdiction to determine such issue was in the district court. See Hensley v. Boyd, 48 Tex. Civ. App. 494, 107 S. W. 128; chapter 5, § 8, Axtell's Ann. Const. of Texas, and authorities there cited. See, also, Scott v. Missouri, O. & G. Ry. Co., 151 S. W. 578. An easement is defined as:

"A right which one proprietor has to some profit, benefit, or lawful use out of or over the estate of another proprietor." Washburn on Easements, 4.

By the judgment of the county court appellee was awarded an easement in and to the land for the purposes therein specified. It is true that said judgment likewise provided that upon a failure to use the land for the purposes named within 24 months it should

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

revert to appellant. This right of forfeiture was dependent upon a condition subsequent, to wit, the failure to use within the time mentioned. See 6 Am. & Eng. Ency. Law (2d Ed.) p. 500, subd. 5, wherein it is said:

"A condition subsequent is one that when it does or does not happen, is or is not performed, as the case may be, defeats the estate."

The easement which appellees acquired in said land was an interest therein, and could only be defeated by showing their failure to use the land for the purposes named within the time mentioned, and the determination of this question is, we think, peculiarly within the jurisdiction of the district court.

[5, 6] Again, there are two other reasons why the judgment of the county court could not be reopened: First, the motion was in the nature of an independent action to determine the title to this easement, dependent upon a future contingency, and not involved in said original suit, and hence could not properly be made the predicate of such motion. Second, the judgment of the county court awarding the land to appellees became a final judgment upon the adjournment of that term of court, which occurred more than two years prior to the filing of this motion, and neither accident, fraud, nor mistake was alleged as a basis therefor. We think the court did not err, therefore, in sustaining the plea to the jurisdiction, for which reason its judgment is affirmed.

Affirmed.