**FULMORE v. BENSON et al. (No. 6625.)**

(Court of Civil Appeals of Texas. Austin. July 1, 1922. Rehearing Denied Nov. 15, 1922.)

1. **Courts** ⚖️207(1)—**Courts of Civil Appeals will not interfere with actions in different district courts merely because conflicting decisions may result.**

Under Rev. St. art. 1592, providing that the Courts of Civil Appeals and the judges thereof "shall have power to issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts," there is no authority to issue such writs except for the purposes stated in the statute, and these courts have no power to enjoin or prohibit actions pending in the district courts of different counties merely because conflicting decisions may result.

---

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**2. Injunction ⚬⟹26(1)—Injunctive relief not available to prevent conflicting decisions where appeal lies to Supreme Court.**

If the trial of two suits should result in conflicting · decisions of two Courts of Civil Appeals, a remedy is afforded by appeal to the Supreme Court, and injunction will not lie to restrain actions pending in different district courts merely to avoid possible conflicting decisions.

**3. Courts ⚬⟹207(1)—Injunction and prohibition held not to lie from Court of Civil Appeals to restrain action · in district courts.**

Where actions between the same parties are pending in the district courts of two different counties, and a plea in abatement is sustained as to one of the actions on account of the pendency of the other, from which an appeal was taken to the Court of Civil Appeals, that court cannot issue a writ of injunction or prohibition at the instance of appellant, since the jurisdiction of the appellate court cannot be interfered with in any event, and such interference is the only ground for issuing such writ, in view of Rev. St. 1911, art. 1592, giving the Courts of Civil Appeals power to issue writs "to enforce the jurisdiction of said courts."

**4. Injunction ⚬⟹26(1)—Prohibition ⚬⟹5(1)— General rules of comity to prevent conflicting decisions not invocable to enlarge statute providing for relief against judicial proceedings.**

General rules of comity restraining courts of equal dignity from rendering conflicting decisions upon the same subject-matter cannot be invoked to enlarge injunctional or prohibitive relief which is clearly limited by statute.

**5. Injunction ⚬⟹26(4)—Prohibition ⚬⟹5(1)— One responsible for the pendency of a multiplicity of actions held not entitled to injunctive or prohibitive relief.**

Plaintiff, who is defendant in a suit upon the same subject-matter in the district court of another county, cannot have injunctional or prohibitive relief against the proceedings in the district where he is defendant merely because conflicting decisions may result, where he could have, by appropriate pleading in the case first brought, avoided the multiplicity of suits of which he complains.

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Action by S. R. Fulmore in the Travis county district court against W. D. Benson and another, for writ of injunction or prohibition to restrain defendants from proceeding in the trial of a case in the Lubbock county district court. From denial of the writ, plaintiff appeals, and files his original application in the Court of Civil Appeals against the same defendants and W. R. Spencer, as Judge of the Lubbock County District Court, for similar relief. Application to the Court of Civil Appeals denied, and ruling of the Travis county district court affirmed.

Cofer & Cofer, of Austin, for appellant.

G. B. Smedley, of Austin, and B. J. Dean, of Breckenridge, for appellees.

KEY, C. J. On November 22, 1921, W. D. Benson filed a suit in the district court of Lubbock county, Tex., against S. R. Fulmore, alleging that the plaintiff, Benson, had deeded 36 lots to one S. F. Tubbs, taking from the latter 27 vendor's lien notes as part of the purchase money; that afterwards Tubbs had deeded the lots to S. R. Fulmore, who had assumed the payment of the 27 promissory notes executed by Tubbs, and Benson's suit against Fulmore was for the purpose of collecting the notes referred to, and foreclosing the lien by which they were secured. Tubbs was not at the time made a party to that suit. On December 10, 1921, S. R. Fulmore filed a suit in the district court of Travis county, making W. D. Benson and S. F. Tubbs parties defendant, in which suit Fulmore sought to recover damages from both Benson and Tubbs, and also sought a rescission of an agreement entered into between him and the defendants, as a result of which he was induced, by fraudulent representations, to convey to the defendant Tubbs certain real estate. On February 15, 1922, W. D. Benson amended his pleadings in the district court of Lubbock county, and made S. F. Tubbs a party defendant in that suit.

In the suit brought by S. R. Fulmore in the district court of Travis county, the defendant W. S. Benson filed a plea of privilege, claiming the right to be sued in Lubbock county, which plea was tried before the court and jury, and decided against Benson. Thereafter Benson presented to the district court · of Travis county a plea in abatement, based upon the fact of the pendency of the suit heretofore referred to in the district court of Lubbock county, which plea was sustained by the district court of Travis · county.

Upon further hearing of the Travis county case, final judgment was rendered in favor of the plaintiff Fulmore against the defendant Tubbs for $2,000 damages, and the concellation and annulment of the assumption agreement between Fulmore and Tubbs, and dismissing the defendant Benson from the suit. After his motion for new trial was overruled, the plaintiff Fulmore appealed from so much of the judgment as was in favor of W. D. Benson, and that appeal is now pending in this court.

Based upon the foregoing facts, S. R. Fulmore has filed and presented to this court an application for writ of injunction or prohibition against W. D. Benson, S. F. Tubbs, and W. R. Spencer, the latter being the judge of the district court of Lubbock county, for the purpose of preventing a trial or other procedure in the case pending in Lubbock county until this court disposes of Fulmore's appeal from the action of the district court of Travis county in sustaining the defendant Benson's plea in abatement.

---

⚬⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Article 1592 of chapter 3 of title 32 of the Revised Civil Statutes prescribes the jurisdictions of the Courts of Civil Appeals, and, among other provisions, that statute reads as follows:

"The said courts and the judges thereof shall have power to issue writs of mandamus and all other writs necessary to enforce the jurisdiction of said courts."

The Legislature having thus prescribed when and for what purpose the Courts of Civil Appeals may issue extraordinary writs, according to a well-established rule of construction, such courts have no authority to issue such writs except for the purpose stated in the statute, which is to enforce the jurisdiction of said courts. Therefore, unless it is necessary for the enforcement of the jurisdiction of this court, we have no power to control or interfere with the action of the district court of Lubbock county, although a trial of that case and of the case pending in the district court of Travis county may result in conflicting decisions.

[2] Generally speaking, another well-established rule is that, if the law affords an adequate remedy by appeal, relief by injunction will not be granted. Therefore, if the trial of the two suits should result in conflicting decisions of two Courts of Civil Appeals, an adequate remedy is afforded by an appeal to the Supreme Court.

[3] Without entering upon an extended discussion of the latter question, we announce our conclusion to the effect that the petition under consideration does not show that a trial of the case in the district court of Lubbock county will in any wise interfere with or prevent the enforcement of any judgment which this court may render in the case now pending on appeal. The only matter complained of by the appeal is the action of the trial court in sustaining Benson's plea in abatement, and, if this court sustains that ruling, obviously whatever proceeding may be had in the case pending in the district court of Lubbock county would not in any wise interfere with the judgment rendered by this court. If, on the other hand, this court overrules the action of the trial court, the only result will be that the case would be remanded to the district court of Travis county for further proceeding in that court. No action which may be taken in the district court of Lubbock county will interfere in any wise with the mandate of this court remanding the cause here on appeal. In fact, whether we affirm or reverse the case now on appeal in this court, any action which it is alleged may result in the trial of the case pending in the district court of Lubbock county would not in any wise interfere with the jurisdiction of this court, or with the enforcement of its judgment. In support of this ruling we cite Milam County Oil Co. v. Bass, 106 Tex. 260, 163 S. W. 577; Durham v. Scrivener, 228 S. W. 282, decided by this court.

[4] Counsel for relator make the contention, and cite authorities in support of it, that rules of comity, if not of positive law, should constrain courts of equal dignity from rendering conflicting decisions upon the same subject-matter, and that the court which first acquires jurisdiction should be permitted to proceed, and the subsequent suit should be held in abeyance.

All that has been said by the authorities cited may be conceded to be correct, but it does not follow that an appellate court has jurisdiction to issue an injunction restraining one of the courts, in order to prevent what is sometimes designated as unseemly and contradictory rulings. Furthermore, in the case at bar, the relator, Fulmore, who is asking us to interpose by writ of injunction or prohibition to prevent the result referred to, could himself have prevented it by impleading S. F. Tubbs in the case pending in the district court of Lubbock county, and setting up in that case the cause of action which he subsequently set up in the suit filed by him in the district court of Travis county. The bringing of the latter suit by Fulmore when he could have made Tubbs a party to the former suit, and litigated all the questions involved in both suits in the same court, has furnished the occasion and brought about the situation of which he complains; but, inasmuch as he could have avoided that situation, and is therefore responsible for it, we hold that he is not entitled to a writ of injunction, or any other extraordinary remedy, to prevent a result which could have been easily avoided by him.

Counsel for respondent has presented an able written argument, in which other and perhaps sufficient reasons are given why the ruling should not be granted.

[5] Before applying to this court for the injunctive relief here sought, relator, Fulmore, made application to the district court of Travis county, where his suit against Benson and Tubbs was pending, for a writ of injunction or prohibition to prevent Benson and Tubbs from proceeding with the trial of the case pending in the district court of Lubbock county, and the district court of Travis county refused to grant such relief, and Fulmore has prosecuted an appeal from that action, and that branch of the case has been submitted on oral argument, together with the application to this court for injunctive relief.

For reasons already stated, we are of the opinion that the ruling of the trial court in refusing to grant such relief was correct. As the litigation was first started in the district court of Lubbock county, it seems to us that that court would have as much, if not more, right to issue an injunction against Fulmore, requiring him to discontinue the

prosecution of his suit in Travis county, and set up as a cross-action in that suit the cause of action asserted by. him in suit in the district court of Travis county, and therefore we think the district court of Travis county ruled correctly when it refused to interfere in any wise with the proceedings in the district court of Lubbock county.

For the reasons stated, the application to this court for a writ of injunction or prohibition is denied, and the ruling of the trial court in refusing to grant similar relief is affirmed:

Application for injunction denied.