## HEIN v. DEBUSK et al.  (No. 7199.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 15, 1924. Rehearing Denied Nov. 12, 1924.)

**1. Trespass to try title ⚖️16—Where answer set up fully defendant's equitable title, not error to admit evidence of her equities.**

Where, in trespass to try title to lot, defendant pleaded that it was her separate property and that deed upon which plaintiff relied was in fact mortgage, it was not error to admit evidence of her equities.

**2. Pleading ⚖️237(5) — Amendment conforming answer to proof properly allowed.**

It was not error to allow an amendment to answer to conform to proof, where objection to evidence was not made until 24 days after its admission, and was not on ground that answer did not sustain such evidence, but that evidence was incompetent, irrelevant, and immaterial to any issue.

**3. Courts ⚖️164—Judgment of county court in absence of administration proceedings void on its face for want of jurisdiction to adjudicate title to land.**

Judgment of county court was void on its face, where it stated that the owner of land, title to which court attempted to adjudicate, died intestate and there was no administration pending.

Error from District Court, Webb County; J. F. Mullally, Judge.

Trespass to try title by Henry Hein against Margarita Reyes de Debusk and another. From a judgment for defendants, plaintiff brings error. Affirmed.

W. W. Winslow, of Laredo, for plaintiff in error.

Threadgill & Threadgill, of Laredo, for defendants in error.

FLY, C. J. This is an action of trespass to try title to lot No. 8, in block No. 443, in the Western division of the city of Laredo, Webb county, instituted by appellant, Henry Hein, against Margarita Reyes de Debusk and her husband, H. A. Debusk, in which a trial, without a jury, resulted in a judgment in favor of appellees. The case has been brought to this court upon 28 assignments of error, all of which have been copied into appellant's brief.

Benita Reyes is the common source of title, and Margarita Reyes de Debusk is the Margarita Reyes named as the grantee in a deed of date July 10, 1911, executed by Benita Reyes, conveying to the said Margarita Reyes lot No. 8, in block No. 443, the subject of this suit. Appellant claims the land through a conveyance from appellees to C. M. Henry and a deed from Henry to Henry Hein, Jr., conveying a one-half undivided interest in and to lot 8, block 443, in Western division of city of Laredo, and a certain judgment in the county court of Webb county, in which Manuela Lesa de Benavides was plaintiff and Margarita Reyes de Lesa was defendant, in which it was recited that the plaintiff was entitled to one-half the lot and defendant the other. Also a deed from Manuela Lesa de Benavides and husband, Jack Sanders, to W. W. Winslow, and also a power of attorney to Winslow by the said Manuela Lesa de Benavides, authorizing him to sell her interest in the lot, and a deed from Winslow to Henry Hein to his interest in the lot. The court found in the judgment that the deed to C. M. Henry by appellees was not a deed, but a mortgage, and did not convey the title to the lot; that the lot was the homestead of appellees, and the money for which the mortgage was given was not the purchase money, nor for work or materials. The court also recited that the judgment of the county court was void for want of jurisdiction. The recitals in the judgment are sustained by the facts. Margarita Reyes de Debusk owned the lot in her separate right and did not sell it to Henry, but only intended to mortgage it to secure a debt due to Henry, for money obtained by Debusk to buy an automobile. He sold the automobile in a short while and abandoned his wife.

The judgment in the case of Manuela Lesa de Benavides v. Margarita Reyes de Lesa purports to have been rendered by the county judge and is as follows:

"No. 1028. Manuela Lesa de Benavides v. Margarita Reyes de Lesa. May 20, 1922.

"Now on this 20th day of May, A. D. 1922, this cause came on for trial, came plaintiff in person and by her attorney and announced ready for trial, also came defendant by her attorney and announced ready for trial, and no jury being demanded, the matters of fact as well as of law were submitted to the court, and the court after having heard the pleadings and the evidence on the issues as framed and presented to the court, and after duly considering the same, finds:

"First. That Anselmo Lesa is dead; that he died in the city of Laredo, Webb county, Tex., on or about the 6th day of August, A. D. 1919.

"Second. That he died intestate, and that there is no administration pending upon his estate.

"Third. That Anselmo Lesa at the time of his death was the husband of Margarita Reyes de Lesa, who resides in the city of Laredo, Webb county, Tex.

"Fourth. That during the marriage of the said Anselmo Lesa and the said Margarita Reyes de Lesa they purchased lot No. 8 in block No. 443 in the Western division of the city of Laredo, Webb county, Tex.

"Fifth. That complainant, Manuela Lesa de Benavides, who resides in the city of Laredo, Webb county, Tex., is the only child and daughter of the said Anselmo Lesa deceased; she being the issue of a former marriage.

"It is therefore declared by the court:

"1. That the said Margarita Reyes de Lesa,

⚖️For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

who resides in the city of Laredo, Webb county, Tex., 'and Manuela Lesa de Benavides, who resides in the city of Laredo, Webb county, Tex., are the only heirs at law of the said Anselmo Lesa, deceased.

"2. That the said Margarita Reyes de Lesa, the surviving wife of the said Anselmo Lesa, deceased, is entitled to an undivided one-half interest in the lot of land hereinbefore described.

"3. That the said Manuela Lesa de Benavides, the only child and daughter of the said Anselmo Lesa, deceased, is entitled to the remaining undivided one-half interest in said lot of land hereinbefore described.

"A. Winslow,
"County Judge, Webb County, Texas."

The deed by Benita Reyes, of date July 16, 1911, conveyed the legal title to the whole of lot 8 to Margarita Reyes, and she held that legal title until August 17, 1922, when she conveyed one-half of the lot to C. M. Henry. It was shown to the satisfaction of the trial court that the deed to Henry was an attempted mortgage of one-half of the homestead of appellee. The evidence is ample to sustain the conclusion of the court. There is also ample evidence to show that the property was paid for with the separate funds of Margarita Reyes de Debusk, and that it has been her homestead since 1911, and that she has been constantly in possession of the whole of the lot since the time of her purchase, and that she has not since that time owned or possessed any other land. The lot and improvements are probably worth $800 or $1,000. Henry, at the time the deed to him was made, knew that it was intended to be a mortgage. Appellant, before he bought the property, knew that Margarita Reyes de Debusk was in possession of the lot and was claiming it as her homestead. Henry recognized the fact that the deed to him was a mortgage, by agreeing in writing to reconvey the lot to the grantors. The evidence indubitably shows the deed to have been an attempted mortgage on a homestead. The evidence failed to show any innocent purchasers in the affair.

· [1] Assignments of error from the first to the fifteenth, inclusive, are overruled. Appellees fully pleaded that the lot was the separate property of Margarita Reyes, and that the deed to Henry was a mortgage. She set up fully and clearly her equitable title to the land and the court did not err in permitting her to prove her equities. The case of Green v. Churchwell (Tex. Civ. App.) 222 S. W. 341, is not in point because in that case there was only a plea of not guilty and general denial. In her trial amendment appellee Margarita Reyes set up all of her equitable claims to the land. The evidence as to the equities was not objected to at the time it was given, but 24 days afterwards, and then was not objected to on the ground that the answer did not sustain such evidence, but only on the ground that the evidence was incompetent, irrelevant, and immaterial to any issue in the pleadings. There is no merit in either of the assignments of error.

[2] The sixteenth assignment of error is overruled. The court did not err in permitting appellees to file an amended answer setting up the separate homestead character of the lot and that the deed given to Henry was in fact a mortgage. These amendments were permitted in answer to objection to testimony nearly a month after it had gone to the court unchallenged. There was no abuse of discretion on the part of the court. The evidence failed to show that the interests of any innocent purchaser were at stake in the case. Appellant was put upon notice that appellees were in possession of the property and appellees had intended the deed to Henry as a mortgage and that he had so accepted it.

[3] The recitations in the judgment of the county court that Anselmo Lesa "died intestate, and that there is no administration pending upon his estate," show that the county court had no jurisdiction, but that it was an independent attempt upon the part of the county judge to adjudicate the title to land. The judgment was void.

There is no merit in any of the assignments of error and all are overruled.

The judgment is affirmed.