HEIN v. DE BUSK et al. (No. 564–4311.)

(Commission of Appeals of Texas, Section B. Dec. 10, 1925.)

1. Courts ⬥183—Judgment of county court attempting to adjudicate title to land held void.

Judgment of county court in proceeding under Rev. St. 1911, arts. 3521–3526, attempting to adjudicate title to land, *held* void, whether invalidity arose out of invalidity of articles 3521–3526, as violative of Const. art. 5, § 8,

providing district court alone has jurisdiction of suits to try title, or whether county court attempted exercise of adjudication beyond its powers.

2. Appeal and error ⬥837(11)—Duty of appellate court not to consider finding when only evidence in support thereof is prohibited by statute.

It is duty of appellate court not to consider finding when only evidence in support thereof is prohibited by statute.

3. Witnesses ⬥181 — Disqualification waived by failure to object.

Rev. St. 1911, art. 3690, only disqualifies witnesses under certain circumstances, and, where testimony within statute is admitted without objection, disqualification is waived and testimony is not without probative force.

4. Appeal and error ⬥1095—Finding of Court of Civil Appeals that warranty deed was mortgage not reviewable when supported by evidence.

Finding of Court of Civil Appeals that a certain warranty deed was intended as a mortgage was one of fact, and when supported by some evidence Commission of Appeals was without jurisdiction to question correctness of the determination.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Trespass to try title by Henry Hein against Margarita R. De Busk and another. From a judgment of the Court of Civil Appeals (265 S. W. 753) affirming a judgment entered for defendants, plaintiff brings error. Affirmed.

W. W. Winslow, of Laredo, for plaintiff in error.

Threadgill & Threadgill, of Laredo, for defendants in error.

SHORT, J. The writ of error in this case was granted to review the judgment of the Court of Civil Appeals wherein it affirmed the judgment of the trial court, the district court of Webb county. The opinion by Chief Justice Fly is reported in 265 S. W. 753. The writ of error was granted upon the memorandum of the Supreme Court saying:

"Granted on the question as to the validity of the county court judgment entered under articles 3521 to 3526. We doubt the constitutionality of these articles of the statute."

[1] The Court of Civil Appeals did not pass upon the constitutionality of these articles, but it effectively disposed of the judgment of the county court attempting to adjudicate the title of the land in question under the proceeding authorized by these articles, by holding such judgment void as in excess of the jurisdiction of the county court. We think this holding is not only right, but altogether sufficient for the purposes of this case.

———————

Under our Constitution, art. 5, § 8, the district court alone has jurisdiction of all suits for title to land, and if the statutes referred to above undertake to confer such jurisdiction upon the county court they are, of course, void. If the purpose of this act, however, is really to provide a remedy whereby the heirs and the relative rights of the heirs of an intestate may be ascertained, then, of course, any attempt in such proceeding to try the title of land would be unauthorized and void. This appears to be precisely what was held by the Court of Civil Appeals. At all events, that court has held the judgment of the county court, attempting to adjudicate the title to the land involved in this litigation, to be void, and this conclusion is correct whether such invalidity arises out of the unconstitutionality of the act, or the attempted exercise of an adjudication beyond its power. We are of the opinion, therefore, that it is not necessary for us to determine whether articles 3521 to 3526 of the Revised Texas Civil Statutes are constitutional.

[2, 3] The first assignment of error assails the finding that the lot of land in controversy was the separate property of the defendant in error, on the alleged ground that the only evidence in support of said finding is evidence which should not have been admitted under the strict prohibition of article 3690, Revised Statutes of 1911. In support of this assignment, the plaintiff in error submits this proposition:

"When the only evidence in support of a finding is evidence prohibited by statute, it is the duty of the appellate court not to consider the same."

We have no fault to find with the correctness of this proposition, generally speaking, yet, nevertheless, we think this assignment of error should be overruled for the reason that it does not show that any rule of law or practice was violated in permitting the testimony as to statements by or transactions with the deceased person. The prohibition of article 3690 is as to witnesses and only incidentally prohibits the introduction of certain witnesses to establish certain alleged facts. There are many instances to be found in the reports of our appellate courts wherein hearsay testimony was considered, although it is the general rule of practice that hearsay evidence is not admissible. This means, of course, that where due objection is made to the introduction of hearsay evidence on the ground that it is such, and the court overrules said objection and permits the testimony to be introduced and considered by the jury, and it appears that this testimony is material and probably prejudicial, then in such a situation it has always been held reversible error. However, where hearsay evidence has been introduced without objection, the fact that this character of evidence could not be used to establish an issue in any case has been held insufficient to cause a reversal. Diaz v. U. S., 223 U. S. 442, 32 S. Ct. 250, 56 L. Ed. 500, Ann. Cas. 1913C, 1138. Article 3690 of the Revised Statutes of 1911 is a disqualifying statute and refers to the disqualification of certain witnesses under certain circumstances, and where the testimony of a party within the statute is admitted without objection, as it was here, it is not without probative force. The disqualification may be, and is, under such circumstances waived. Walker v. Fields (Tex. Com. App.) 247 S. W. 272; Hunt v. Garrett (Tex. Civ. App.) 275 S. W. 110.

[4] The second assignment of error assails the judgment of the Court of Civil Appeals in finding that the absolute warranty deed given by defendants in error to C. M. Henry was intended as a mortgage upon the alleged ground that it affirmatively appears from the record in the case that the relation of debtor and creditor did not exist after the execution of the instrument. The Court of Civil Appeals in disposing of this assignment, which relates to a question of fact, overrules it, thereby inferentially holding the existence of sufficient legal evidence to sustain the contention that the instrument was intended as a mortgage, and this being a question of fact, supported by some testimony this court is without jurisdiction to question the correctness of the same.

The third assignment of error assails the correctness of the judgment of the Court of Civil Appeals in finding that the judgment of the county court of Webb county declaring the heirship from Anselmo Lesa of Manuela Lesa de Benavides, daughter of Anselmo Lesa and Margarita De Busk, was void for want of jurisdiction upon the ground that it affirmatively appears from the record in this case that the same is in strict compliance with all the provisions of articles 3521 to 3526, Revised Statutes of 1911, inclusive. What we have said in disposing of the first assignment of error is sufficient to indicate that we think this assignment should be overruled.

The fourth assignment of error assails the judgment of the Court of Civil Appeals upon the alleged ground that there is no evidence to support a finding that the plaintiff in error had notice of the true nature of the claims of the defendant in error to the property before he purchased it. What we have said with reference to the first and third assignments of error is equally applicable to this, and it is overruled.

Finding no error in the judgment of the Court of Civil Appeals affirming the judgment of the district court, we recommend that said judgment be in all things affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted and will be entered as the judgment of the Supreme Court