## HEIN v. HENRY. (No. 7822.)

Court of Civil Appeals of Texas. San Antonio.
Oct. 19, 1927.

1. **Homestead** ⟨key⟩115(1)—**Deed of general warranty in form, but in fact intended as a mortgage on premises constituting grantors' homestead was void.**

Deed of general warranty in form, but which was in fact intended as a mortgage on premises constituting homestead, of grantors, was void.

2. **Covenants** ⟨key⟩48—**Quitclaim warranting title against persons claiming title by, through, or under vendor relieved grantee of warranty against homestead claim of vendors.**

Where deed of general warranty to defendant in form, but which was intended as a mortgage, was void as conveyance, 'defendant's subsequent sale of property. and conveyance by quitclaim deed warranting title against all persons claiming title by, through, or under vendor, but not otherwise, relieved defendant of warranty against claim subsequently set up, by his vendors, of homestead interest in premises.

3. **Appeal and error** ⟨key⟩931(3)—**In absence of specific finding of fact, presumption in support of judgment is that court found against appellant on fact issues.**

Where judgment, in action to recover cash consideration for city lot, was rendered against plaintiff, in absence of specific finding of fact by trial court, it will be presumed in support of judgment that court found against plaintiff on fact issues.

4. **Appeal and error** ⟨key⟩1011(1)—**Findings of trial court on conflicting evidence are binding on the Court of Civil Appeals.**

Findings of the trial court on conflicting evidence on material issues are binding on the Court of Civil Appeals.

Appeal from District Court, Hidalgo County; J. E. Leslie, Judge.

Action by Henry Hein against C. M. Henry. From a judgment for defendant, plaintiff appeals. Affirmed.

W. W. Winslow, of Laredo, for appellant. C. M. Henry, of Mercedes, and Mann, Neel & Mann, of Laredo, for appellee.

SMITH, J. In September, 1922, C. M. Henry sold and conveyed a one-half interest in a certain lot in the city of Laredo to Henry Hein, for a cash consideration of $400, which was duly paid. It transpired, however, that the lot was the homestead of Marguerita Reyes de Debusk and husband, who had resided thereon for many years. Hein brought suit against the Debusks to recover title and possession of the property, but the suit went against him. Hein v. Debusk (Tex. Civ. App.) 265 S. W. 753; Id. (Tex. Com. App.) 277 S. W. 1053. Hein did not implead his vendor, Henry, in that suit, but in September, 1926, he brought the present action against Henry,

seeking relief in various forms. The cause was tried without a jury, and again judgment was rendered against Hein, who has appealed. A number of contentions made in this appeal were disposed of in the former appeal, all of them adversely to appellant.

Appellant paid his money to Henry, and took the latter's conveyance of the property, without making any investigation of the title, or inquiry in the matter of possession, although he knew the Debusks were occupying the premises at the time of his purchase, and notwithstanding the fact that reasonable inquiry would have led very simply to the knowledge that the property had been the homestead of the Debusks for more than eleven years. Hein contends that Henry agreed to give him a general warranty deed to the property, and that he thought he was getting such an instrument; wheras, the deed tendered to, accepted, and promptly recorded by, him was but a special warranty, or quitclaim, according to the respective contentions in the briefs of the parties. But by efficient implication the trial court found against appellant upon his contention in this matter.

[1, 2] It appears that Henry acquired his interest in the property from the Debusks through a deed of general warranty in form, but which was in fact intended as a mortgage, and, as the premises constituted the homestead of the Debusks, the conveyance was void. Hein v. Debusk, supra. It was by virtue of this character of title that Henry made the sale and conveyance to Hein, although at the time of the sale and conveyance the nature and extent of Henry's title had not been judicially ascertained and determined, and the evidence warranted the implied finding that Henry did not know such claim would ever be asserted. And, while the question of his title was thus undetermined, Henry made the conveyance to Hein by deed warranting the title against all persons claiming the title "by, through, or under (the vendor), but not otherwise." We conclude that the effect of the quoted restriction relieved Henry of any warranty against the claim subsequently set up and enforced, by the Debusks. Union Mut. Life Ins. Co. v. Crowl, 28 Tex. Civ. App. 443, 67 S. W. 901 (writ refused). Appellant's first and second propositions are overruled.

[3] In his third proposition appellant contends that, because he had no notice of the Debusk claim to the property conveyed, he was entitled to recover the purchase price he had paid Henry, upon the theory that the latter induced him to purchase the property through fraudulent representations as to the title. In the absence of specific findings of fact by the trial court, however, it will be presumed in support of the judgment that the court found against appellant upon the issues of fact upon which his contentions are founded; the state of the evidence being such as

to warrant such finding. Accordingly we overrule the third proposition as well as the fourth.

[4] It is contended in appellant's fifth proposition that the "great weight and preponderance" of the evidence was against the judgment rendered, but we overrule this proposition. The evidence being in conflict upon the material issues, the findings of the trial court are just as binding upon this court as a jury's findings upon the same evidence would have been.

The judgment is affirmed.