**CITY OF HOUSTON v. KUNZE et al.**

No. 15432.

Court of Civil Appeals of Texas. Fort Worth.

May 1, 1953.

Rehearing Denied May 29, 1953.

See also 258 S.W.2d 225.

Will Sears, City Atty., Richard H. Burks, Senior Asst. Atty., both of Houston, for appellant.

Ernest A. Knipp, of Houston, for appellee E. Huber.

No briefs filed by any other parties.

BOYD, Justice.

On May 19, 1949, the City of Houston instituted condemnation proceedings to acquire a tract of land owned by E. Huber and others. After the Commissioners' hearing and award, Huber filed no objections, but some other defendants did, and the suit is now pending in the County Court at Law of Harris County. The city deposited the requisite amount, paid the costs, and went into possession of the land. After the suit was regularly docketed, appellee Huber filed a trespass to try title suit, in statutory form, in the District Court of Harris County against the city and several other defendants, some of whom are defendants in the condemnation suit, to recover title to and possession of and to remove cloud on the title to the land sought to be condemned, and other lands. The city applied to the County Court at Law for an injunction restraining appellee from prosecuting the District Court suit as against the city while the condemnation proceeding was pending. The application being denied, the city appeals.

The city contends that the County Court at Law acquired exclusive jurisdiction over the land and the parties to determine the right to condemn and the amount of the award, and that the District Court suit is a collateral attack upon and an invasion of the jurisdiction of the County Court at Law, and that the trial court erred in denying the injunction. Upon the hearing in the trial court, appellee contended that he was not served with notice of the hearing before the Commissioners, did not appear, was not represented by counsel, and that the condemnation proceedings are void as to him.

We believe that the County Court at Law has exclusive jurisdiction to determine the city's right to condemn the property, the amount of the award, and whether that state of facts exists which confers jurisdiction. 15 C.J., p. 725, 21 C.J.S., Courts, § 15; Missouri-Kansas-Texas R. Co. of Texas v. Jones, Tex.Com.App., 24 S.W.2d 366; Texas & N. O. R. Co. v. City of Beaumont, Tex.Civ.App., 285 S.W. 944, writ ref.; Lone Star Gas Co. v. Birdwell, Tex.Civ.App., 74 S.W.2d 294. Nor can it be doubted that only a District Court of Harris County had jurisdiction of the title suit. Thompson v. Janes, Tex.Sup., 251 S.W.2d 953; St. Louis Southwestern Ry. Co. of Texas v. Temple Northwestern Ry. Co., Tex.Civ.App., 170 S.W. 1073; Benavides v. Benavides, Tex.Civ.App., 174 S.W. 293; Coughran v. Nunez, 133 Tex. 303, 127 S.W.2d 885; Miller v. Fenton, Tex.Civ.App., 207 S.W. 631; Kegans v. White, Tex.Civ.App., 131 S.W.2d 990, writ ref.; Hein v. Debusk, Tex.Civ.App., 265 S.W. 753, affirmed Tex.Com.App., 277 S.W. 1053; subsection 14, Art. 1995, R.C.S., Vernon's Ann.Civ.St. art. 1995, subd. 14. The city's statement of the question to be determined is, " * * * does Huber have the right to disregard the general jurisdiction of the County Court at Law to decide whether he did or did not have notice of the condemnation proceeding, and have that question collaterally decided in another court during the time the County Court at Law has the case on its docket and prior to final judgment?" We think it is more nearly correct to say that the precise question is whether the County Court at Law should have enjoined appellee from prosecuting as against the city a title suit in the only court having jurisdiction to dispose of all the issues that can arise in such a cause, when the only property involved in the title suit in which the city is interested is also involved in the prior condemnation proceeding in the County Court at Law.

Able briefs have been filed by both parties, but the exact point appears not to have been decided in any of the cases referred to. The nearest approach to an authority that has come to our notice is the case of Rabb v. La Feria Mut. Canal Co.,

62 Tex.Civ.App. 24, 130 S.W. 916, error refused. In that case, Rabb filed a suit in trespass to try title in the District Court and applied for and secured an injunction against La Feria Mutual Canal Company restraining it from going upon lands claimed to be owned by Rabb and involved in the District Court suit. The Canal Company then instituted condemnation proceedings in the County Court, and after a hearing before the Commissioners, at which hearing Rabb appeared and participated, an award was made and the Canal Company deposited the necessary amount, paid the costs, took possession of the property, and then filed its answer in the District Court suit setting up the condemnation proceedings as a defense and moved to dissolve the injunction. The injunction was dissolved, Rabb appealed, and the judgment was affirmed.

█ A court may enjoin parties in another court from prosecuting a cause, the result of which could dissipate the subject matter of a suit of which the enjoining court has acquired exclusive jurisdiction. Allen v. Brazos River Conservation & Reclamation Dist., Tex.Civ.App., 166 S.W.2d 386, affirmed 141 Tex. 208, 171 S.W.2d 842; Brazos River Conservation and Reclamation Dist. v. Reese, Tex.Civ.App., 146 S.W.2d 519; Dickerson v. Hopkins, Tex. Civ.App., 288 S.W. 1103; Arts. 1957 and 4642, R.C.S. But we are far from convinced that a court with exclusive jurisdiction to condemn a tract of land, but with no power to try the title to the property, should or can enjoin the claimed owner of the property from prosecuting a suit to adjudicate its title in a court having exclusive jurisdiction of the title suit but no power to interfere with the condemnation proceeding.

█ The city argues that should both causes be tried, with each plaintiff prevailing, a judicial stalemate would result. This position overlooks the possibility that on appeal both judgments would not be affirmed. If the city has an adequate remedy at law, by appeal or otherwise, injunction is not warranted. Fulmore v. Benson, Tex. Civ.App., 245 S.W. 124; Milam County Oil Mill Co. v. Bass, 106 Tex. 261, 163 S.W. 577, 578. Moreover, if, because of the pendency of the condemnation proceeding, the District Court is without jurisdiction to try the title suit, a legal remedy is available by pleading in abatement of the title suit the pendency of the condemnation proceeding. Should this plea be sustained, all the relief that an injunction could afford would be secured. Even if it be conceded that until the final determination of the County Court suit the right of possession of the land is in the city, and that the District Court is without power to restore possession to Huber, the question remains as to whether the District Court should be prevented from adjudicating title and the right to possession in the light of all the claims and defenses that might be established. The trial court could not assume that in the title suit the city's defenses, if any, would be disregarded. If the pendency of the condemnation proceeding affords the city a defense to the title suit, the District Court is the forum in which to interpose that defense. And if the pendency of the condemnation proceeding is not a defense to the title suit, and if the city has no other rights to urge, it is not entitled to prevail. We are not disposed to hold that the trial court erred in declining to enjoin the prosecution of a suit in trespass to try title in the only court having jurisdiction to determine all the issues involved therein, on any assumption that in the trial the rights of the parties, whatever may be their origin and nature, will not be considered and properly determined.

██ If both cases are tried and conflicting decisions result, appeal will lie from both. Should a conflict exist between the judgments of Courts of Civil Appeals, the Supreme Court will have jurisdiction to settle the question. An injunction against the prosecution of any suit is at best a harsh remedy and should never be resorted to in a doubtful case, nor to avoid the possibility of conflicting decisions, nor yet to discourage litigation. Fulmore v. Benson, supra; Milam County Oil Mill Co. v. Bass, supra. As was said by Justice Phillips in the last cited case:

"The disposition of men to assert what they conceive to be their rights

may sometimes amount to a weakness, though generally it proceeds from the hardy virtue of independence; and, while the courts should lend all their powers to the discouragement of differences, yet the fact remains that their essential functions are for the determination of disputes.

"The power of a court to enforce its jurisdiction does not include an authority to prevent the prosecution of any suit to which a judgment of the court may be an effectual bar, but which, beyond presenting an issue as to the conclusiveness of the judgment upon the asserted cause of action, makes no attempt to disturb it, or to interfere with its execution or the exercise of rights established by it, as such a suit does not conflict with the exercise of that power which constitutes jurisdiction in the court, the power to hear and determine the cause and enforce the judgment rendered, and therefore does not violate its jurisdiction. The assumption of such right would invest a court not merely with the control of its own judgments and authority to enforce its jurisdiction, but with a further power to govern other courts in the exercise of their lawful jurisdiction; and the result would be that the issue of the conclusiveness of a judgment upon what is urged as a distinct cause of action could never be determined except by the court that rendered it. * * *"

The judgment of the trial court is affirmed.