MILAM COUNTY OIL MILL COMPANY v. ANNA F. BASS ET AL.

No. 2616.   Decided February 18, 1914.

**1.—Writ of Prohibition—Jurisdiction of Supreme Court.**

The authority of the Supreme Court to issue the writ of prohibition is, by the Constitution and the statute, limited to the enforcement of its own jurisdiction.   (P. 263.)

**2.—Same—Judgment.**

The power of a court to enforce its own jurisdiction does not include the authority to prevent the prosecution of any suit to which its judgment may be an effectual bar, but which, beyond presenting an issue as to the conclusiveness of the judgment upon the asserted cause of action, makes no attempt to disturb it nor to interfere with its execution or the exercise of the rights established by it.   (Pp. 261-265.)

Original application to the Supreme Court, by the Milam County Oil Mill and others, for writ of prohibition against Anna F. Bass and others forbidding the prosecution of a suit begun by them in the District Court of Hill County, which action was alleged to interfere with the execution of the former decree of the Supreme Court in McCord v. Sprinkel, 105 Texas, 150.

*Eldridge, McCormick & Bromberg, Wear & Frazier,* and *Crane & Crane,* for relator.—The jurisdiction of the District Court of Milam County was exclusive.   (a)   The spirit, if not the letter, of the statute relating to assignments for the benefit of creditors made it such; and (b)   The creditors' suit of W. A. Nabours et al. v. A. P. McCord et al. operated an equitable sequestration of the *res* by that court.   Railway Co. v. Lewis, 81 Texas, 1; Riesner v. Railway Co., 89 Texas, 656.

The assignors or their representatives had the legal right to seasonably institute and maintain in the District Court of Milam County an action both to remove the assignees and to vacate, if they themselves were guiltless, the voidable transfer which resulted in the acquisition by McCord of certain assets of the assigned estate.   Schutz v. Burges, 110 S. W., 494; Appeal of Glenn, 130 Pa. St., 586; Nodine v. Wright, 37 Ore., 411.

The representatives of the assignors made themselves parties to the suit of W. A. Nabours et al. v. A. P. McCord et al., and the contin-

uation thereof *sub nom.* W. A. Sprinkel et al. v. A. P. McCord et al.. and became concluded by the final decree of this court therein and by the final decree of the District Court of Milam County rendered therein by the direction of this court. Seiter v. Marschall, 147 S. W., 226; Whaley v. Charleston, 8 S. C., 344.

The conveyances which were made on May 5, 1897, and which were seasonably sought to be vacated by W. A. Nabours and other innocent accepting creditors, were not void; they were merely voidable, at the instance of guiltless interested parties, seasonably challenging the validity thereof. Connolly v. Hammond, 51 Texas, 635; Nabours v. McCord, 97 Texas, 526.

The relators, McCord and Milam County Oil Mill Company, yielding obedience to the final decree of this court, did in all things, in good faith, comply therewith, and, in so doing, acted upon the official assurances of this court that they should stand discharged from all and singular any further or other liability whatsoever. McCord v. Sprinkel, 105 Texas, 150; Hovey v. Shepherd, 105 Texas, 237.

*Sleeper, Boynton & Kendall,* for respondents.—The Supreme Court is without jurisdiction to issue a writ of prohibition, except in aid of its appellate jurisdiction. And the jurisdiction of said court is appellate only. Const., art. 5, sec. 3; Rev. Stats., arts. 1521, 1526; Seele v. State, 1 Texas Civ. App., 495-497; Dunn v. St. Louis, etc., R. Co., 40 Texas Civ. App., 242-244.

The writ of prohibition will not issue where there is another remedy at law or in equity readily available to applicant, either by appeal or writ of error, etc. Alexander v. Crollatt, 199 U. S., 580; In re New York, etc., S. S. Co., 155 U. S., 523; Sweet v. Hulbert, 51 Barb., 312; 32 Cyc., 613.

When the inferior court has jurisdiction of both the subject matters and of the person, prohibition will not lie to correct the errors of law or fact for which there is an adequate remedy by appeal, or otherwise, whether such remedies are merely apprehended, or have been actually committed. Epperson v. Rice, 102 Ala., 668; People v. Nichols, 79 N. W., 582; Terrell v. Santa Clara County, 60 Pac., 338; People v. Wyatt, 186 N. Y., 383; 32 Cyc., 617.

Disregard of the decision by the lower court on appeal, after reversal and remand, is not ground for the writ, since there is a remedy by appeal. King v. Doolittle, 41 S. E., 145; 23 Am. & Eng. Enc. of Law, 221.

MR. JUSTICE PHILLIPS delivered the opinion of the court.

The relators in this proceeding pray for a writ of prohibition to prevent the prosecution of a certain suit instituted in the District Court of Hill County on October 3, 1913, by certain of the respondents, upon the ground that it is but an attempt to relitigate matters concluded under the final decree of this court in the case of McCord v. Sprinkel, 105 Texas, 150, 157. By that decree as originally rendered A. P.

McCord, one of the relators here, was removed as assignee of Crawford & Crawford, and the District Court of Milam County directed to appoint a receiver of their estate, who should take charge of its assets and demand and receive of McCord certain property involved in the litigation; it being also provided in the decree that McCord and the Milam County Oil Mill Company, another of the relators and a party to that suit, might pay the debts of the accepting creditors of Crawford & Crawford and all costs and charges against the estate, and receive a discharge of liability to it, which, if done, should be certified to this court.    Upon the rendition of that decree R. L. Batte, a purchaser of certain of the properties involved in the suit and another of the relators here, McCord and the Milam County Oil Mill Company, filed a motion asking for its modification.    The respondents, who, as the heirs of the members of the firm of Crawford & Crawford, have instituted the suit in the District Court of Hill County against the relators, while not parties in the case of McCord v. Sprinkel, appeared in this court and opposed this motion, alleging, substantially as they have in the suit in the District Court of Hill County, the existence of a large surplus of the assigned estate of Crawford & Crawford to which they were entitled, and praying that the decree of the court stand as entered, to the end that through the receivership they might reach the surplus remaining after the payment of the lawful claims against the estate.    The court upon hearing the motion and the opposition modified its decree, leaving the appointment of a receiver to the discretion of the District Court, and directing the settlement of the estate in accordance with its opinion.

Upon the transmission of the mandate of this court the District Court of Milam County, on May 23, 1912, in the main cause of Nabours v. McCord, of which McCord v. Sprinkel in this court was a continuation, entered an order directing that McCord and the Milam County Oil Mill Company deposit in its registry the sum of $1000, to be paid out by the clerk, to the extent necessary, to the unpaid accepting creditors of Crawford & Crawford and Milam County Bank, and that they also tender a sufficient bond in an equal amount conditioned for the prompt payment upon presentation of every unpaid claim of accepting creditors of such assigned estate, as well as unpaid costs and charges. On the same day McCord and the mill company made known to the District Court that they had complied with its decree by the payment in full of the claims of all accepting creditors of the estate, except those of a certain number whose whereabouts they had been unable to discover, and by making the cash deposit and tendering the bond required; whereupon that court rendered its further judgment, reciting such fact, finding that there was no necessity for the appointment of a receiver of the estate, and decreeing McCord's and the mill company's full discharge as against all parties to the cause from any further liability to the estate, except that should the sum deposited by them in the court's registry prove insufficient, they should upon notification to that effect make such additional deposit as might be necessary to a complete and final distribution of the fund in accordance with the decree of this

court; a copy of which decree of the District Court was duly filed in this court.

The plaintiffs in the suit which has been instituted in the District Court of Hill County, constituting all of the respondents here except the judge of that court, were not parties of record in the District Court of Milam County in the cause of Nabours v. McCord, but intervened therein prior to the rendition of the decrees of May 23, 1912, and after the case of McCord v. Sprinkel was remanded by this court, tendering in substance the same matters alleged in their suit in the Hill County District Court, which intervention was withdrawn by them without prejudice on the same day those decrees were rendered without any exception thereto being reserved.

The proposition upon which the relators predicate their right to the writ of prohibition, in substance, is that though the suit pending in the District Court of Hill County against McCord, now a resident of that county, and Henderson, as assignees of the estate of Crawford & Crawford, and the other relators sought to be held jointly liable with them, was brought by the plaintiffs therein as the heirs of Wilbur F. Crawford and Frank M. Crawford, to recover what is alleged to be due them as the surplus of the assigned estate of that firm remaining after the payment of the claims of creditors and other lawful charges, and for property of the estate wrongfully converted, any such cause of action is concluded by the judgments of the District Court of Milam County of May 23, 1912, above recited, rendered in pursuance of the decree of this court in McCord v. Sprinkel, that "McCord and the mill company may pay the debts of the accepting creditors and all costs and charges against said estate and receive a discharge from liability to said estate"; that the respondents who have instituted that suit made themselves parties in this court in McCord v. Sprinkel by their opposition to the motion of McCord and the mill company, and are bound by its decree; that the effect of that decree was to remit them to the District Court of Milam County for the prosecution in Nabours v. McCord, therein pending, of such rights as they are now asserting in the Hill County District Court suit, and, as they were not so prosecuted, all such alleged rights are now effectually barred; and that the suit in question amounts to such disregard of the judgment of this court in McCord v. Sprinkel as to warrant our issuance of the writ.

This court is not invested with any power of general superintendence of the inferior courts of the State; its control of their proceedings is purely appellate in its nature, with certain well defined exceptions which are unrelated to the present case; and its authority to issue the writ of prohibition is by the Constitution and the statute limited to the enforcement of its own jurisdiction. If it be assumed, as the relators contend and as we may assume for the present purpose, though we express no opinion upon the questions, since it would be improper for us to do so under our disposition of the case, that the District Court of Hill County is without jurisdiction of the pending suit, and that our decree in McCord v. Sprinkel and the judgment of the District Court of Milam

County rendered in pursuance of it, are effectual as a bar to the cause of action asserted in such suit, the inquiry still arises as to whether its prosecution violates any jurisdiction possessed by this court in the premises, rendering the writ necessary for its exercise and enforcement.

The power to enforce its judgments necessarily inheres in a court as an essential attribute of its jurisdiction, but there is a manifest difference between the enforcement of a judgment and the prevention of a suit which makes no attempt to obstruct its execution, but denies its conclusiveness upon what is alleged to be another cause of action. One is the exercise of the jurisdiction under which the court was empowered to render the judgment. The other involves the use of authority in excess of any power necessary to its enforcement, exerted not essentially in aid of the judgment, but to afford immunity from litigation. A valid judgment should be effective to secure the benefits that it decrees; and its active office therefore continues for the full accomplishment of that result. Any interference with its enforcement or the due exercise of rights which it establishes would amount to a violation of the jurisdiction of the court as a hindrance to its power to put the judgment into effect and preserve its operative force. But to disregard a judgment through the institution of a suit is not necessarily to obstruct its operation. True, it may draw the judgment into question through the denial of its effect, and the judgment may be so conclusive as to render the suit a groundless one; but the jurisdiction of the court is not invaded by the mere assertion of rights through such method, even in contravention of the judgment, so long as its operation is left unimpeded. If a court should entertain such a suit, and through want of jurisdiction or failure to accord to the judgment its legal effect render an erroneous decree, the remedy provided by our system for its revision and the readjudication, if needs be, of the conclusiveness of the judgment, is an appeal.

We are not insensible to the hardship that such cases may sometimes impose, nor to the forcible argument of the able counsel for relators that litigation in relation to this estate so prolonged as its history discloses, should end; but such considerations afford in themselves no ground for the closing of the doors of the courts to suits, however ill-founded, brought in evident good faith. The disposition of men to assert what they conceive to be their rights may sometimes amount to a weakness, though generally it proceeds from the hardy virtue of independence; and while the courts should lend all their powers to the discouragement of differences, yet the fact remains that their essential functions are for the determination of disputes.

The power of a court to enforce its jurisdiction does not include an authority to prevent the prosecution of any suit to which a judgment of the court may be an effectual bar, but which beyond presenting an issue as to the conclusiveness of the judgment upon the asserted cause of action, makes no attempt to disturb it, or to interfere with its execution or the exercise of rights established by it, as such a suit does not conflict with the exercise of that power which constitutes jurisdiction

in the court; the power to hear and determine the cause and enforce the judgment rendered, and therefore does not violate its jurisdiction. The assumption of such right would invest a court not merely with the control of its own judgments and authority to enforce its jurisdiction, but with a further power to govern other courts in the exercise of their lawful jurisdiction; and the result would be that the issue of the conclusiveness of a judgment upon what is urged as a distinct cause of action, could never be determined except by the court that rendered it. The proper test of the question therefore is, not whether the suit recognizes or repudiates the effect of the judgment, since that does not necessarily involve the jurisdiction of the court, but whether it amounts to an interference with its due enforcement and therefore invades a jurisdiction it is forbidden to trench upon. A careful consideration of the case has induced the conclusion that the pending suit in the District Court of Hill County presents no interference with the decree of this court in McCord v. Sprinkel or its execution, and that the writ should be denied.

The cases of Hovey v. Shepherd, 105 Texas, 237, 147 S. W., 224, and Conley v. Anderson (ante, p. —, 164 S. W., 985), decided in vacation, are not in opposition to this view. In both of them the suits prohibited directly attempted to obstruct the execution of judgments of this court.

*Writ denied.*