H. A. LONG ET AL. V. M. E. MARTIN ET AL.

No. 7245.    Decided October 14, 1926.
(287 S. W., 494).

**1.—Mandamus—Writ of Prohibition—Jurisdiction—Supreme Court.**

A Court of Civil Appeals having rendered a judgment, and for the protection of its jurisdiction having issued its writ of prohibition to a District Court against proceeding to enjoin the execution thereof, it was not within the power of the Supreme Court by mandamus to require such District Court to proceed with such injunction suit. The validity of the

judgment was determined in the issuance of the writ of prohibition and bound all parties to the proceedings as to all matters which were involved or might have been presented by them in opposition to the granting of such judgment or writ.   (P. 140).

### 2.—Same—Judgment—Parties Bound.

One not a party to a judgment could not question its validity as to the parties thereto; but is not precluded thereby from questioning, in a proper court, the ownership of property levied on by execution thereunder, or the sufficiency of the description thereof in the levy or advertisement for sale. This would not dispute the validity of the judgment.  But where such claimant's action was joined in by the judgment defendants and sought injunction against the sale, not the ground of levy on property of one not liable for the judgment, but on the assertion of invalidity of the judgment against parties thereto, the Supreme Court decline to permit filing of a petition for mandamus requiring the District Court to proceed to such trial. (P. 141).

Motion for leave to file in the Supreme Court a petition for writ of mandamus.

*W. E. Spell* and *W. S. Eason,* for relators.

The Court of Civil Appeals at Amarillo did not prohibit the Seventy-fourth District Court from trying the issues as to ownership of the property or sufficiency of description.   If it had its action would be a nullity.   Milam County Oil Mill Co. v. Bass, 106 Texas, 260, 163 S. W., 577.

The Amarillo Court of Civil Appeals was without jurisdiction to prohibit Kate O. McCullough from enjoining the sale of her separate property.   Carey v. Looney (Com. App.), 251 S. W., 1040; 19 Michie's Digest, 1122.

A levy and notice of sale must describe the property so that it can be identified.   Arts. 3795 and 3798, Rev. Civ. Stats.; Smith v. Crosby, 22 S. W., 1042; Smith v. Crosby, 86 Texas, 15, 23 S. W., 10; Wooters v. Arledge, 54 Texas, 395; Rogers v. Bradford, 56 Texas, 630; 7 Michie's Digest, 323.

The Amarillo Court of Civil Appeals was without jurisdiction to interfere with the trial of the case pending in the Seventy-fourth District Court in so far as it affected the rights of Shumway, Fitzgerald and Hatchett.   They were not parties to the Wichita County suit and could not avail themselves of the benefits of the writ of prohibition.

The Seventy-fourth District Court, having obtained jurisdiction of the cause by the application for the injunction, and having undoubted jurisdiction over the four issues first mentioned, has the authority to determine all the issues between the parties, including the issues of dormancy and validity of the Martin judgment.   Spiller v.  Hollinger, 148 S. W., 341; Railway Co.

v. Anderson, 150 S. W., 249; Middlebrook v. David Bradley Mfg. Co., 86 Texas, 706; Pardue v. James, 74 Texas, 304; Thorndale v. Continental, 241 S. W., 262; Woodward v. Smith, 253 S. W., 851; Chambers & Thigpen v. Cannon, 62 Texas, 294; 20 Michie, 1109.

Since the Seventy-fourth District Court lawfully acquired jurisdiction of the cause, the Honorable Court of Civil Appeals at Amarillo would be without authority to withdraw from the District Court certain issues and permit the District Court to proceed to trial only on certain other issues. The jurisdiction of the District Court attached to all of the issues, and it was the duty of the District Court to determine all of them, and if an error was committed the remedy was by appeal to the Court of Civil Appeals at Waco and not by writ of prohibition from the Court of Civil Appeals at Amarillo.

(a)  Suits to vacate void judgments have been maintained in Texas from the earliest times. Levy v. Roper, 113 Texas, 356, 256 S. W., 251; Brown v. Clippenger, 113 Texas, 364, 256 S. W., 254; Taylor v. Hustead & Tucker, 257 S. W., 232; Milam County Oil Mill Co. v. Bass, 106 Texas, 260, 163 S. W., 577; Cotton v. Rhea, 106 Texas, 220, 163 S. W., 2; 11 Michie, 118 to 162; 20 Michie, 1052 to 1067; Landa Cotton Oil Co. v. Watkins, 255 S. W., 775.

(b)  Such suits may be maintained in any court of competent jurisdiction; and it is not necessary that they be maintained in the court where the void judgment was rendered. Cotton v. Rhea, 106 Texas, 220, 163 S. W., 2; authorities, supra.

(c)  Arts, 4656 (4653) and 1995 (1830), Subd. 17, do not relate to jurisdiction, but to venue only. Martin v. Kieschnick, 231 S. W., 330; Smith Drug Co. v. Rochelle, 135 S. W., 259; Royal Amusement Co. v. Columbia Piano Co., 170 S. W., 278; Railway Company v. Anderson, 150 S. W., 248; Kieschnick v. Martin, 208 S. W., 953.

(d)  It is the *allegations* in the petition, and not the proof thereof, that determine the right of plaintiffs to institute, maintain and prosecute their suit to final judgment; the allegations and not the proof confer jurisdiction on the court. Nations v. Lindley, 275 S. W., 164; Mansfield v. Nichols, 265 S. W., 746; 6 S. W. Digest, p. 6313; 5 Michie's Digest, 404.

(e)  A writ of prohibition will not issue on the ground that the petition fails to state a cause of action. State v. Stark, 203 S. W., 371; Milam County Oil Mill Co. v. Bass, 106 Texas, 260, 163 S. W., 577.

(f)  Relators have the right to institute, maintain and pros-

ecute to final judgment a suit in any court of competent juris-
diction, attacking the validity of the judgment rendered by the
District Court of Wichita County and affirmed by the Court of
Civil Appeals, and by necessary implication have the incidental
right to an injunction to maintain the status quo of the matters
involved in such litigation, and if such court commits an error
the remedy is by appeal, and the Amarillo Court of Civil Appeals
has no jurisdiction to interfere with such suit by writ of pro-
hibition.    Milam County Oil Mill Co. v. Bass, 106 Texas, 260,
163 S. W., 577; Cotton v. Rhea, 106 Texas, 220, 163 S. W., 2;
Taylor v. Hustead & Tucker, 257 S. W., 232; Landa Cotton
Oil Co. v. Watkins, 255 S. W., 775; authorities, supra.

*Fitzgerald & Hatchitt,* and *Phillips, Townsend & Phillips,* for
respondents.

The motion should be denied since the petition for mandamus,
the records of this court in this same cause as involved in other
proceedings in this court, and the opinion of this court rendered
by Chief Justice Cureton, on June 9, 1926, in H. A. Long et al.
v. M. E. Martin et al.—this same cause as presented under that
style—and reported in 285 S. W., p. 1075, Advance Sheet of
September 22, 1926, all disclose that the Supreme Court is wholly
without jurisdiction in the premises.

It is sought in this proceeding to have the Supreme Court by
mandamus compel the trial by the District Court of McLennan
County of the cause pending in that court styled H. A. Long et al.
v. M. E. Martin et al., numbered 5922 on its docket.    This
McLennan County suit is an attack on the validity of the judg-
ment, rendered February 28, 1920, by the District Court of
Wichita County, Texas, in favor of M. E. Martin v. H. A. Long
et al., and affirmed by the Court of Civil Appeals for the Seventh
District at Amarillo on May 25, 1921, and in which a motion
for rehearing was overruled.    See Long. v. Martin, 234 S. W.,
91, with *writ of error dismissed by this court, 247 S. W., 827.*

Because of its being such an attack on its judgment and an
interference with the jurisdiction of the Court of Civil Appeals
for the Seventh District, that court, on April 2, 1924, issued its
writ of prohibition, prohibiting the prosecution of the suit just
referred to in McLennan County District Court.    *It did so,
having before it the identical petition of the plaintiffs in that
suit which is made a part of the mandamus proceeding, here—
the basis of that suit, and in which were stated all the grounds
of attack on the judgment and the execution issued thereon upon*

*which the relators rely in this proceeding.    See Long v. Martin,
260 S. W., 327.*

It is therefore disclosed that the·purpose of this proceeding is
to have the Supreme Court require the trial in behalf of relators
of a suit in the McLennan County District Court, which the
Court of Civil Appeals for the Seventh District, *in the exercise
of its original jurisdiction,* has by its writ of prohibition pro-
hibited the relators from maintaining and prosecuting, and
whose judgment in the premises is final; the effect of which will
be, should the motion here be allowed, necessarily an appellate
review by the Supreme Court of a holding and judgment made
and rendered by the Court of Civil Appeals aforesaid in the
exercise of its original jurisdiction, since the matters and issues
presented by the petition for mandamus in this proceeding can-
not be determined by the Supreme Court without its necessarily
reviewing the holding and judgment of the Court of Civil
Appeals prohibiting the prosecution of the McLennan County
District Court suit.

This Court is without the power to review a judgment of a
Court of Civil Appeals rendered in the exercise of its original
jurisdiction.   City of Houston v. City of Palestine, 114 Texas,
306, 267 S. W., 663; Long v. Martin, 285 S. W., 1075.   This
Honorable Court is therefore without jurisdiction of this pro-
ceeding, and apart from any other reason, the motion for leave
to file the petition for mandamus should, upon this ground, be
denied.

That execution has long since become *functus officio,* and no
question as to the validity of that levy or the ownership of
property thereunder is now triable—certainly not in the Supreme
Court.

Sale of any property under the levy of the execution assailed
by the relators in the McLennan County District Court suit was
expressly restrained by the Judge of that Court, the Honorable
H. M. Ritchey, the predecessor of the present Judge of that
Court.

Mrs. Kate McCullough has never in any proper proceeding
attempted to protect her so-called rights in said property against
the levy made under said execution, if she had any such rights;
and has never sought to invoke a rightful remedy for the pro-
tection thereof.   On the contrary, she joined with the other
relators and has made common cause of them in the McLennan
County District Court suit in an attack upon the validity of
the judgment rendered in the District Court of Wichita County.

MR. CHIEF JUSTICE CURETON delivered the opinion of the court.

This action is an original one for mandamus. The application is made by H. A. Long, W. H. McCullough, Ed McCullough, Tom L. McCullough and his wife, Kate O. McCullough, against M. E. Martin, Leslie Stegall, Sheriff of McLennan County, the Honorable Giles P. Lester, Judge of the Seventy-fourth District Court of McLennan County, and certain other parties. The facts and issues involved, in so far as may be necessary to an understanding thereof, may be found in the reported case of Long v. Martin, 115 Texas, 519, 285 S. W., 1075, in an opinion rendered when the matters now presented were before this Court on certified questions; and in the opinion of the Court of Civil Appeals granting the writ of prohibition of which complaint is made, reported in 260 S. W., 327.

We have concluded that the motion for leave to file the application for mandamus should be overruled.

The Court of Civil Appeals at Amarillo plainly had the right to protect its judgment by writ of prohibition or injunction against the maintenance of the suit in McLennan County by defendants, against whom it had previously rendered a judgment. That court, in the opinion above referred to, correctly held that the judgment on which the execution complained of had issued was not dormant. See the cases cited in the opinion. The court likewise made a correct disposition of the issue that the petition in the original suit, and upon which the judgment was based, did not state a cause of action. That question had already been tried and determined adversely to the complaining parties. Long v. Martin, 234 S. W., 96. Besides, the rule that a valid judgment for a plaintiff is conclusive, not only as to defenses which were set up and adjudicated, but as to those which might have been raised inconsistent with the facts necessary to sustain the judgment, is one of universal acceptation. Cleveland v. Ward, 285 S. W. 1063, 1070, and cases there cited.

As to whether or not the writ of prohibition issued by the Court of Civil Appeals should have been made to run against the District Judge of McLennan County as well as the parties plaintiff in the McLennan County action, is a question unnecessary for us to decide.

The application for mandamus here complains that a levy has been made on certain shares of stock which it is alleged are the property of Mrs. Kate O. McCullough, who was not one of the judgment defendants, and that, therefore, she has the right to test the sufficiency of the levy and the ownership of the stock

in the District Court of McLennan County. The action brought in McLennan County was a general joint action, brought by the judgment defendants as well as by Mrs. McCullough, and had for its primary purpose an attack upon the validity of the original judgment. The purpose of the mandamus is to require the District Judge of McLennan County to "proceed to trial and judgment" in that identical cause.

For reasons which we have previously stated, we cannot grant a writ of mandamus directing the District Judge of McLennan County to proceed to try the cause described in the application. This, however, is wholly without prejudice to the right of Mrs. McCullough, or any other stranger to the original judgment, to try in McLennan County, or any other county of appropriate jurisdiction and venue, questions as to the ownership of property which might be levied on under execution, or the sufficiency of the description of the property levied on. Nor did the writ of prohibition issued by the Court of Civil Appeals have any such purpose. That court in its opinion expressly states:

"Questions as to the ownership of property that might be levied on under execution issued on the judgment, the sufficiency of the description of the property levied on and of the advertisement thereof, are not matters determined by the judgment of this court and may be made the subject of question in appropriate proceedings in the trial courts."

The order directing the issuance of the writ of prohibition by the Court of Civil Appeals is no broader than the declarations made in the opinion. It declares that a writ of prohibition should issue "prohibiting the respondents aforesaid from instituting or further maintaining any suit the purpose of which is to attack the validity of the judgment of this court in the case of H. A. Long et al. v. M. E. Martin, No. 1762, or to enjoin its execution in due course of law."

It is obvious from the opinion and the decree of the Court of Civil Appeals that Mrs. Kate O. McCullough was not enjoined from filing and maintaining a proper suit, the purpose of which was to test the ownership of property levied on by execution and claimed by her. However, in the application for mandamus, while the allegation is made that an alias execution has issued, there is no allegation that any levy has been made thereunder upon the property of Mrs. Kate O. McCullough, or any other named stranger to the original judgment in controversy. The motion for leave to file the petition for mandamus is accordingly overruled.

The refusal of permission to file the application for mandamus

is without prejudice to the right of Mrs. Kate O. McCullough, or any other stranger to the original judgment, to file a suit in McLennan County, or any other county of appropriate venue and jurisdiction, to test the ownership of property levied on under execution.

The restraining order heretofore granted in this case is dissolved, and will no longer be of any force or effect.