**CITY OF DALLAS et al., Petitioners,**

v.

**Daniel C. BROWN et al., Respondents.**

No. 16193.

Court of Civil Appeals of Texas.

Dallas.

Oct. 24, 1962.

Rehearing Denied Nov. 23, 1962.

H. P. Kucera, City Atty., N. Alex Bickley, Asst. City Atty., Dallas, Will Wilson, Atty. Gen., Austin, McCall, Parkhurst, Crowe, McCall & Horton, Ritchie, Ritchie & Crosland, and Carrington, Johnson & Stephens, Dallas, for petitioners.

James P. Donovan, Dallas, pro se and for respondents.

DIXON, Chief Justice.

City of Dallas, together with certain of its officials and other interested parties, Petitioners, seeks a writ of prohibition and ancillary orders against James P. Donovan and about 200 of his clients, Respondents, to prohibit Respondents from further prosecuting Civil Action No. 9276, styled Brown, et al. v. City of Dallas et al., now pending in the United States District Court for the Northern District of Texas, Dallas Division.

Petitioners allege that the issues which Respondents present in their suit in the United States District Court are the same issues involving the same subject matter that have been previously adjudicated by this Court in the case of Atkinson et al. v. City of Dallas, Tex.Civ.App., 353 S.W.2d 275; and that the writ of prohibition is necessary to protect the previous judgment of this Court and its enforcement and execution.

The record discloses events leading up to or connected with Petitioners' application as follows:

1. On April 3, 1961 George S. Atkinson and others, owners of property near Love Field, a municipal airport located in the City of Dallas filed a class suit in the District Court of the State of Texas to restrain the City of Dallas from the construction of a runway at the airport. The suit also attacked the validity of certain revenue bonds which the City was about to issue to finance construction of the runway.

2. On July 17, 1961 a summary judgment was rendered in favor of the City denying the permanent injunction sought by the Plaintiffs.

3. On December 15, 1961 this Court on the appeal of the case, affirmed the above summary judgment. Motion for rehearing was overruled on January 19, 1962. A detailed statement of the points urged on the appeal will be found in 353 S.W.2d 275.

4. On March 14, 1962 the Supreme Court of Texas denied a writ of error in the case with the notation "no reversible error", and announced that a motion for rehearing would not be entertained.

5. On June 25, 1962 the Supreme Court of the United States denied a writ of certiorari in the case, Atkinson v. City of Dallas, 370 U.S. 939, 82 S.Ct. 1587, 8 L.Ed. 2d 808, and on October 8, 1962, 83 S.Ct. 18 overruled a motion for rehearing. Thus the judgment of this Court of December 15, 1961 affirming the summary judgment of the trial court became final for all purposes, and the issues decided in our judgment of affirmance became res judicata.

6. On September 24, 1962 Respondents herein filed Civil Action No. 9276, styled Brown et al. v. City of Dallas et al., in the United States District Court. By this suit they seek a permanent injunction against the City, to restrain the City from building the runway and from issuing certain revenue bonds. They do not seek a temporary injunction, and none has been granted. Thirty of the plaintiffs in the United States District Court are the same persons who were plaintiff in the original suit filed April 3, 1961 in a District Court of Dallas County. Other plaintiffs, all alleged to be property owners, were added in the United States District Court.

7. On October 2, 1962 the City of Dallas filed the application for writ of prohibition which is now before us for decision. The City asserts that the suit in the United States District Court is merely an attempt to relitigate the issues which were adjudicated in our judgment of affirmance of December 15, 1961.

8. On October 6, 1962 Respondents filed an application in the United States District Court seeking to enjoin this Court from further considering or acting on the City's application for a writ of prohibition.

9. On October 10, 1962 the United States District Court dismissed Respondents' application for injunction to restrain this Court from further considering the City's application for a writ of prohibition.

Are the issues raised in the Civil Action No. 9276, styled Brown et al. v. City of Dallas et al. filed September 24, 1962 in the United States District Court the same as the issues adjudicated in our judgment of affirmance of December 15, 1961, which judgment became final when the Supreme Court of the United States on October 8, 1962 overruled a motion for rehearing? Petitioners contend that the issues are the same. Respondents contend that they are not the same.

After a careful consideration of the whole record a majority of our Court have concluded that it is not necessary for us to answer the above question in order to decide whether to grant or refuse the writ of prohibition sought by Petitioners. For it is our opinion that regardless of whether the issues are the same, there are other considerations which should and do cause us to decide that the writ ought to be refused.

▆ Under Art. 1823, Vernon's Ann. Civ.St. we are given authority to issue writs of mandamus and other writs only when necessary to protect our jurisdiction. State Farm Mutual Automobile Ins. Co. v. Worley, Tex.Civ.App., 346 S.W.2d 407, 409. The pendency of Action No. 9276 in the United States District Court does not invade our exclusive jurisdiction, though the issues in the suit may be the same as the issues decided in our judgment of affirmance. Ours is not the only Court which has jurisdiction to enforce a plea of res judicata in support of our judgment of affirmance of December 15, 1961. That defense may be and has been pled by the City in Action 9276 in the United States District Court, and that Court has jurisdiction to hear and give effect to the plea.

Petitioners contend in effect our jurisdiction is invaded because Respondents have filed a suit in another Court in which Respondents try to ignore the finality of our judgment. And Petitioners further contend that the only way our jurisdiction can be protected and respected is by the issuance of a writ of prohibition restraining the litigants from further prosecuting their suit in the other Court where it is now pending.

We do not agree to such contention. To agree would be equivalent to hold that the conclusiveness of a judgment could never be determined except by the Court that rendered it.

In a situation similar in most respects to the situation now before us our Supreme Court took note of the difference between an invasion of a court's jurisdiction and the mere filing of a suit in disregard of a prior judgment. We quote from the opinion by Justice Nelson Phillips in Milam County Oil Mill Co. v. Bass, 106 Tex. 260, 163 S.W. 577:

" * * * to disregard a judgment through the institution of a suit is not necessarily to obstruct its operation. True it may draw the judgment into question through the denial of its effect, and the judgment may be so conclusive as to render the suit a groundless one; but the jurisdiction of the court is not invaded by the mere assertion of rights through such method, even in contravention of the judgment, so long as its operation is left unimpeded. If a court should entertain such a suit, and through want of jurisdiction or failure to accord to the judgment its legal effect render an erroneous decree, *the remedy provided by our system for its revision and the readjudication, if needs be, of the conclusiveness of the judgment, is an appeal.* (emphasis ours)

"We are not insensible to the hardship that such cases may sometimes impose, nor to the forcible argument of the able counsel for relators that litigation in relation to this estate, so prolonged as its history discloses, should end; but such considerations afford in themselves no ground for the closing of the doors of the courts to suits, however ill founded, brought in evident good faith. * * *

"The power of a court to enforce its jurisdiction does not include an au-thority to prevent the prosecution of any suit to which a judgment of the court may be an effectual bar, but which, beyond presenting an issue as to the conclusiveness of the judgment upon the asserted cause of action, makes no attempt to disturb it, or to interfere with its execution or the exercise of rights established by it, as such a suit does not conflict with the exercise of that power which constitutes jurisdiction in the court, the power to hear and determine the cause and enforce the judgment rendered, and therefore does not violate its jurisdiction. The assumption of such right would invest a court not merely with the control of its own judgments and authority to enforce its jurisdiction, but with a further power to govern other courts in the exercise of their lawful jurisdiction; *and the result would be that the issue of the conclusiveness of a judgment upon what is urged as a distinct cause of action could never be determined except by the court that rendered it."* (emphasis ours)

The Supreme Court went on to say that the cases of Hovey v. Shepherd, 105 Tex. 237, 147 S.W. 224, and Conley v. Anderson, 106 Tex. 265, 164 S.W. 985 are not in opposition to the above expressed view. In both of them the suits which were prohibited, directly attempted to obstruct the execution of the judgments of the Supreme Court. In our opinion the same thing may be said of Cattlemen's Trust Co. of Ft. Worth v. Willis, Tex.Civ.App., 179 S.W. 1115.

In the instant case the United States District Court has done nothing to repudiate our judgment of affirmance; and we shall not assume that it will do any such thing. To the contrary we must assume that the United States District Court will give full effect to our judgment by sustaining a plea of res judicata if the issues before it should prove to be the same issues which we previously adjudicated. State Farm Mutual

Automobile Ins. Co. v. Worley, Tex.Civ. App., 346 S.W.2d 407, 409.

In the above case it was further held that a writ of prohibition will not be granted where there is an adequate remedy at law, such as an appeal. This holding was in keeping with the holding of our Supreme Court in Milam County Oil Mill Co. v. Bass, supra, wherein it was held, that "if a court should entertain such a suit, and * * * render an erroneous decree, the remedy * * * is an appeal." See also Clark v. Ewing, Tex.Civ.App., 196 S.W.2d 53, 55.

■ Petitioners in the instant case allege that to pursue this cause in the United States District Court would involve hardships due to delay incident to a probable appeal by Respondents to the Circuit Court of Appeals and thereafter an attempt to obtain a writ of certiorari from the Supreme Court of the United States. While such proceedings are pending, delivery of the revenue bonds will be held up, for bond buyers will not purchase bonds while legal proceedings involving the bonds are pending. This may be true, but as stated in the Milam County case, consideration of hardships do not afford grounds for the closing of the doors to suits, however ill founded, brought in good faith.

It is with regret that the majority of our court feel impelled under the circumstances to decline to order the writ of prohibition to issue. But our duty as we see it is to refuse Petitioners' application.

Petitioners' application for a writ of prohibition is refused.

YOUNG, J., dissents.

YOUNG, Justice (dissenting).

In my opinion, the writ of prohibition, pursuant to Art. 1823, V.A.C.S., should issue on the City's plea of res judicata—the validity of Love Field Revenue Bonds having already been established in the Atkinson suit by final judgment of this Court and confirmed both by the Supreme Court of Texas and the United States Supreme Court. "The doctrine of 'res adjudicata', or estoppel by reason of a former judgment, rests upon the principle that a cause of action which has been once determined upon its merits by a competent tribunal, between parties over whom that tribunal had jurisdiction, cannot afterwards be litigated by them in another proceeding, either in the same or different tribunal, * * *." 24 Words and Phrases, Perm. Ed., "Res Adjudicata", p. 146.

Of these Revenue Bonds, Series No. 395 in amount of Eight Million Dollars were involved in the Atkinson case which could not be sold and delivered by reason of that litigation. On final adjudication of the Atkinson case as recited in the majority opinion, the City then continued a financing of the construction of the Love Field Runway by issuance of the same General Revenue Bonds, Series No. 401, but in the lesser amount of Five Million Dollars, to be sold September 24, 1962, on which date the Respondents filed another Civil Action in Federal Court, No. 9276, styled Daniel C. Brown et al. v. City of Dallas et al., again seeking permanent injunction against the sale of these bonds. No temporary injunction was sought and none was necessary, for, due to the unique nature of bonds and bond issues the mere filing of suit in Federal Court would have that effect.

Courts of Civil Appeals may protect its jurisdiction by writ of prohibition or injunction against maintenance by defendants to the judgment of a suit in another tribunal *attacking the validity of the original judgment or seeking to enjoin its execution.* See Long v. Martin, 116 Tex. 135, 287 S.W. 494. Does Respondents' suit in the Federal Court have this emphasized effect? It undoubtedly does.

Our Supreme Court of course, recognizes the doctrine of res adjudicata and has permitted this prohibitory writ to issue in all instances where the operation of the prior judgment or its execution has been directly

interfered with, but not so (as in City and County of Dallas v. Cramer, Judge, Tex. Civ.App., 207 S.W.2d 918) where "Relator would be left undisturbed, except by the annoyance of the suit, in the full enjoyment of the rights secured by the judgment of this court." Obviously the case of Milam County Oil Mill Co. v. Bass, 106 Tex. 260, 163 S.W. 577, was of the latter class; the Supreme Court stating that the cause of action there asserted "makes no attempt to disturb it (the prior judgment) or to interfere with its execution or the exercise of rights established by it."

Judge Phillips further states in Milam County Oil Mill Co. v. Bass, supra, that: "The power to enforce its judgments necessarily inheres in a court as an essential attribute of its jurisdiction, but there is a manifest difference between the enforcement of a judgment and the prevention of a suit *which makes no attempt to obstruct its execution,* but denies its conclusiveness upon what is alleged to be another cause of action. * * * The jurisdiction of the court is not invaded by the *mere assertion of rights through such method, even in contravention of the judgment, so long as its operation is left unimpeded. * * *".* (emphasis mine) And in Houston Oil Mill Co. of Texas et al. v. Village Mills Co. et al., 123 Tex. 253, 71 S.W.2d 1087 the Supreme Court, referring to Milam County Oil Mill Co. v. Bass, supra, stated: "In that case it is by no means clear that the judgment sought in the Hill County suit, the second suit, would directly interfere with the operation of the prior judgment of this court."

The majority does not and cannot say that this second suit of Brown et al. v. City of Dallas et al., is not a renewal of the litigation foreclosed in the Atkinson case, the mere filing of which constitutes such a cloud upon the title to these general Revenue Bond issues as to preclude their sale. In the situation thus presented, the majority merely begs the question by their negative ruling on the application for writ of prohibition; concluding as they do that a plea

of res adjudicata can as well be sustained by the Federal District Court, and such indeed may be the ruling of Judge Sarah T. Hughes. Even so, the door will be opened for full scale relitigation of the validity of these bonds in another trial court, on through the United States Circuit Court of Appeals and again to the Supreme Court of the United States. On the other hand a grant of the relief prayed for by the City of Dallas will finally terminate this prolonged litigation, save for a possible appeal to the Supreme Court of Texas.

The legal maxim of "justice delayed is justice denied" is truly relevant to the adjudicated rights of Petitioner City of Dallas.