AYRES, Judge.
This case, as was the action styled Bridges et al. v. Jones, 155 So.2d 457, with which it was consolidated for trial, was before us heretofore on exceptions of no cause and of no right of action. Succession of Jones, La.App.2d Cir., 1961, 136 So.2d 720; Bridges v. Jones, La.App.2d Cir., 1961, 136 So.2d 723.
The questions presented for resolution are the rights of the opponents in opposing the executrix’ account to recover, in the succession, the sum of $5,408.11, and of the plaintiffs, in the latter action, to recover from Mrs. Charlene Willoughby Jones, personally, the sum of $6,914.81. Mrs. Jones is the executrix in the succession.
See our former opinions as well as that of the Supreme Court in Jones v. Jones, 236 La. 52, 106 So.2d 713, for a more detailed statement of the issues and facts than deemed necessary to recapitulate in the present opinion.
The source of the funds involved herein was a certain mineral lease covering a tract of 21% acres of land in Gregg County, Texas, a Vi interest of which was owned by the decedent, Winston Albert Jones. Although the lease was of record in the name of a brother, M. Carl Jones, a s/io interest in the lease was bequeathed to plaintiffs-opponents. While the lease remained in his name, M. Carl Jones collected the production royalties therefrom.
The basis of the claims herein presented, as pointed out in the opinion when the matter was heretofore before us, is that M. 'Carl Jones advanced from the proceeds of the lease to Mrs. Charlene Willoughby Jones the sum of $18,027.05, of which the plaintiffs-opponents were the owners of a %> interest; that the said M. Carl Jones likewise advanced from the proceeds of said lease, to the executrix, funds of which opponents’ share is $6,914.81, ostensibly for the purpose of paying debts and taxes of the succession, which, as particular legatees, they contend they were not obligated to pay. The funds in controversy are, as stated, production proceeds of the aforesaid lease, covering a period of time from decedent’s death on April 2, 1952, to October 1, 1953, which were paid out and received by M. Carl Jones.
From judgments in favor of the opponents, in the succession proceeding, and in favor of the plaintiffs, in the other, for the aforesaid sums, the defendant, as executrix and in her individual capacity, has appealed.
No question is raised as to the amounts involved. The primary defense on the merits is that tire funds received from M. Carl Jones by defendant in both her personal and representative capacities were funds actually due her and that, accordingly, plaintiffs and opponents are without right, title, or interest therein. In substantiation of this contention, defendant points out that M. Carl Jones owes the succession an additional sum of $44,194.44. From this, it is inferred that plaintiffs and opponents could recover the amounts they claim. This contention is without merit. The obligations of the succession and of Mrs. Jones individually arose by reason of the fact that the succession and Mrs. Jones received, out of the special legacies bequeathed to plaintiffs and opponents, funds which constituted their individual assets and which were not due either the succession or Mrs. Jones.
Plaintiffs and opponents, under the laws of the State of Texas, succeeded immediately, upon the death of the testator, to their legacies. Thus, the proceeds from the mineral lease from and after the death of the testator accrued to and became the property of the legatees, without the necessity of a formal demand therefor. Therefore, the interests of plaintiffs and opponents therein were their exclusive and individual properties. Neither the succession nor Mrs. Jones individually had any right or interest in said funds and the funds should have never become involved in the succession proceedings or been delivered to the possession, of the defendant.
*456 Obviously, inasmuch as the aforesaid funds formed no part of the succession assets, succession costs are not payable from such funds. Mrs. Jones, individually and as executrix, has received funds accruing from the legacies of opponents and plaintiffs. As she was not due or entitled to such funds, she is obligated to account to ■opponents and plaintiffs for the funds which ■she is holding and which are due them.
The defendant has, however, re-urged a plea of res judicata predicated upon two judgments, one of the 124th District Court for Gregg County, Texas, styled “Rebecca Charlene Jones et al. v. M. Carl Jones,” and the other of the United States District Court for the Southern District of Texas, entitled “Shell Oil Company v. M. Carl Jones et al.” In the first of these suits the judgment of the District Court for Gnegg County, Texas, recognized the respective interests of the plaintiffs and defendant in and to the leasehold rights as fixed in the will of the late Winston Albert Jones and decreed their ownership and entitlement, in their respective proportions, to the proceeds of the oil produced and sold from said leased property since October 1, 19.53,, “and that [which] may be produced and sold in the future.” The judgment concluded “That all relief not specifically adjudged herein is denied.” The second of the aforesaid judgments was rendered in an interpleader action or a concursus proceeding invoked by the purchaser of the crude oil produced from the leased property from and after October 1, 1953. The judgment in the interpleader action as to the ownership of the leasehold rights was predicated upon the judgment of the state court.
Thus, the judgments in both of the aforesaid actions recognized plaintiffs’ legacies and interests in the leasehold rights as fixed in the will of the decedent. Plaintiffs’ present action is in accord with that determination. The interpleader suit, however, had, for its purpose, a division of the proceeds derived from the purchase of oil from October 1, 1953, to the date the action was filed, which, of course, did not involve any proceeds from purchases made prior to October 1, 1953. The present action involves, as heretofore observed, a division of the proceeds from the purchases of oil produced and sold between April 2, 1952, and October 1, 1953. While these plaintiffs did seek to be recognized as the owners of their proportionate part of all oil produced from the lease since the date of the death of the testator, they did not specifically seek a judgment against tire defendant for the sums herein involved, nor did they seek an accounting of such funds.
The essential elements prerequisite to the sustaining of a plea of res judicata under the law of Louisiana are set forth in LSA-Civil Code, Art. 2286:
“The authority of the thing adjudged takes place only with respect to what was the object of the judgment. The thing demanded must be the same; the demand must be founded on the same cause of action; the demand must be between tire same parties, and formed by them against each other in the same quality.”
From the above recitation of facts, it clearly appears that the object of the demand sought in the instant case was not the same as that concerned in either of the judgments defendant relies upon; the thing demanded is not the same. The demand in the instant case is for funds derived from a sale of oil made prior to October 1, 1953. The actions in the cases relied upon were with reference to a distribution of funds derived from sales made after that date.
Defendant, nevertheless, contends that res judicata in Texas extends not only to the issues raised in an action but to all issues which may or could have been presented. Cited in support of this contention are the cases of Garlington v. Wasson, Tex.Civ.App., 279 S.W.2d 668; Long v. Martin, 116 Tex. 135, 287 S.W. 494. These cases support the proposition for which they are cited. However, the proposition has no application here. To illustrate, an *457 exception to our rule of law, as to res judicata applicable to petitory actions, is comparable to the rule in effect in Texas. Thus, where an adverse judgment in a peti-tory action was predicated upon a claim under a deed, a subsequent action involving a title to the same property, based on prescription, is amenable to a plea of res judicata. Taylor v. Williams, La.App.2d Cir., 1958, 107 So.2d 319.
Had the plaintiffs sought recovery of the funds herein involved on the basis of a specific title or claim, a judgment predicated thereon would preclude a subsequent action to recover the same funds on a different basis or upon a different ground.
In this action, the funds sought to be recovered are separate and distinct from the funds involved in the cases cited by defendant — just as separate and distinct as would be two separate and distinct tracts of land to which a judgment affecting the title of one would have no effect on the title of the other. Moreover, it may be pointed out that plaintiffs were not denied recovery of these funds in either of the prior suits. In fact, the basis for plaintiffs’ claim, that is, their title to an interest in the lease, was recognized.
However, the defendant contends that plaintiffs are bound by a recital in the judgment in the interpleader action to the effect that their right to their share of such proceeds was made subject to the expenses of administration for the payment of which that judgment allocated the sum of $4,200.-00. As heretofore observed, that judgment involved different funds. Moreover, the judgment did not purport to assess or fix the cost of the succession, which was a prerogative of the court of Louisiana in which the succession was opened.
Lastly, defendant urges a plea of three years’ prescription under LSA-Civil Code Art. 3538, applicable to open accounts. These proceedings are, however, in the nature of actions for an accounting as to which, as personal actions, the prescription pleaded has no application. The prescription applicable, if found appropriate, would be that of ten years. Jones v. Jones, 236 La. 52, 106 So.2d 713.
Hence, the pleas of res judicata and of prescription are without merit and were, in our opinion, correctly overruled. We find no basis of error in the judgments appealed.
The judgment in the instant case is, accordingly, affirmed at defendant-appellant’s cost.
Affirmed.