**AFFIRMED; Opinion Filed July 11, 2019.**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-18-00747-CV

### TRANSAMERICA LIFE INSURANCE COMPANY, Appellant
### V.
### JILLIAN HELMER, Appellee

**On Appeal from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-96-06849**

# MEMORANDUM OPINION

Before Justices Bridges, Brown, and Nowell
Opinion by Justice Nowell

Appellant Transamerica Life Insurance Company ("Transamerica") filed an Amended Motion for Show Cause Order and to Enforce Settlement and Final Judgment. In response, appellee Jillian Helmer filed a plea to the jurisdiction and, in the alternative, opposition to Transamerica's motion. Following a hearing, the trial court granted Helmer's plea to the jurisdiction and denied Transamerica's request on the ground it lacked subject matter jurisdiction to decide the amended motion. Alternatively, the trial court concluded that even if it had subject matter jurisdiction over the amended motion, it would decline to exercise it. In two issues,

Transamerica asserts the trial court erred by concluding it lacked subject matter jurisdiction and by declining to exercise jurisdiction. We affirm the trial court's order.[1]

PROCEDURAL BACKGROUND

This appeal presents an usual fact pattern involving three proceedings: a class-action that was settled in 2000 after litigation in the 192nd Civil District Court of Dallas County; a case currently pending in the United States District Court for the Northern District of California; and the proceedings giving rise to this appeal, which were filed in the original cause number of the case settled in 2000.

In 1996, Richard Oakes and others brought a class-action lawsuit against Bankers United Life Assurance Company, AEGON USA, Inc., and others for, among other things, misrepresenting the terms and financial performance of insurance products sold to the plaintiffs. Four years later, in 2000, the parties reached a settlement agreement, which was incorporated into the trial court's Final Order and Judgment. The Final Order and Judgment states in part:

> The Court has jurisdiction to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Final Order and Judgment, and for any other necessary purpose.

On May 31, 2017, in the Northern District of California, Helmer sued Transamerica, as successor-in-interest to Bankers Life Assurance Company and AEGON USA, Inc., for unfair and deceptive business practices, fraudulent inducement, breach of contract, and breach of the covenant of good faith and fair dealing, and also sought a declaration that the *Oakes* Final Order and Judgment does not affect Transamerica's obligations that are the subject of the California lawsuit ("California Litigation"). Helmer alleged Transamerica refused to honor the terms of two

---

[1] Transamerica also filed a petition for writ of mandamus requesting this Court vacate the trial court's order and instruct the trial court to decide the merits of its amended motion to enforce. Transamerica subsequently filed a motion to consolidate the original proceeding with this appeal, which the Court granted. Because Transamerica has an adequate appellate remedy, we deny the request for mandamus relief. *See In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

permanent life insurance contracts purchased in 1990. According to Helmer's Petition, Transamerica "claimed that it was not required to make these contractual payments because the policies at issue were subject to a class action settlement reached 15 years earlier, in 2000, in an action brought in the District Court for Dallas County, Texas, case no. 96-06849 entitled *Oakes v. Bankers United Life Assurance Company et al.*" Transamerica filed a motion to dismiss the California Litigation, contending the dispute falls within the terms of the *Oakes* settlement agreement. The federal judge in California issued an order denying Transamerica's motion to dismiss without prejudice. The order states:

> [T]he District Court of Dallas County, Texas retained "jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Settlement Agreement of this Final Order and Judgment, and for any necessary purpose." It is proper for the court with jurisdiction over the settlement agreement to determine whether [Helmer's] current claims are barred by res judicata.

(internal citation omitted). The judge stayed the California Litigation "pending resolution of a motion in the *Oakes* action to enforce the settlement agreement and judgment."

Pursuant to the judge's order, Transamerica returned to Texas and filed a motion to enforce the settlement agreement, specifically seeking an injunction "enjoining [Plaintiff] from prosecuting her claims" in the California Litigation.[2] Transamerica filed its motion in the *Oakes* cause number. The California court issued another order stating a Texas state court lacks power to award Transamerica's requested relief; the California court instructed Transamerica to "request a declaratory judgment regarding whether Plaintiff's claims in this action are barred by the *Oakes* Final Judgment."[3] Transamerica then filed the motion at issue in this appeal "seek[ing] a declaratory judgment holding that Respondent's claims in *Helmer*, which is pending in the United States District Court for the Northern District of California, are barred by the *Oakes* settlement

---

[2] Although Transamerica's original motion does not appear in our record, it is discussed and quoted in an opinion from the California court. *See Helmer v. Transamerica Life Ins. Co*., 17-CV-03129-JSW, 2018 WL 5784715, at *3 (N.D. Cal. Feb. 5, 2018).

[3] The California court's order states the court will lift the stay if Transamerica fails to amend its motion as instructed. *See id*. at *3.

and judgment." Transamerica asserts Helmer was a member of the *Oakes* class, received notice of the settlement, and elected to receive settlement benefits. Regardless of these past events, Transamerica claims, Helmer now attempts to litigate the claims she released in *Oakes.* Thus, Transamerica asked the trial court to "hold that the releases contained in the *Oakes* settlement and judgment preclude Respondent's claims in *Helmer*."

Helmer filed a plea to the jurisdiction asserting the trial court lacked subject matter jurisdiction and, alternatively, an opposition to Transamerica's amended motion. Following a hearing, the trial court denied Transamerica's amended motion and granted Helmer's plea to the jurisdiction. The trial court's order states it lacks subject matter jurisdiction to decide the amended motion and, alternatively, even if the court had jurisdiction over the amended motion, it would exercise its discretion and decline to exercise that jurisdiction. This appeal followed.

### LAW & ANALYSIS

In its first issue, Transamerica asserts the trial court erred by concluding it lacks subject matter jurisdiction to interpret and enforce the *Oakes* judgment. A plea to the jurisdiction challenges a trial court's power to exercise subject matter jurisdiction over a claim. *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770-71 (Tex. 2018); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). We review the trial court's ruling on a plea to the jurisdiction de novo. *Miranda*, 133 S.W.3d at 228.

"[T]he jurisdiction of Texas courts—the very authority to decide cases—is conferred solely by the constitution and the statutes of the state." *State v. Morales*, 869 S.W.2d 941, 942 (Tex. 1994). The scope of a trial court's jurisdiction is extremely limited after its plenary power expires. *Panda Energy Corp. v. Allstate Ins. Co.*, 91 S.W.3d 29, 32 (Tex. App.—Dallas 2002, pet. granted, judgm't vacated w.r.m.). The court's limited power only may be exercised to "cause its judgments and decrees to be carried into execution." *Id.* (quoting TEX. R. CIV. P. 308). To achieve this end,

the court may employ "suitable methods." *Id.* (quoting *Arndt v. Farris*, 633 S.W.2d 497, 499 (Tex. 1982)). Although there are no strict guidelines about what constitutes a "suitable method" to enforce or aid in the enforcement of a judgment, the prevention of other suits that may directly interfere with enforcement of the judgment is within the court's power. *Id.* at 32-33 (citing *Milam Cnty. Oil Mill Co. v. Bass*, 106 Tex. 260, 163 S.W. 577, 578 (1914) (orig. proceeding)).

When analyzing a court's power to prevent other lawsuits from going forward, the Texas Supreme Court stated: "there is a manifest difference between the enforcement of a judgment and the prevention of a suit which makes no attempt to obstruct its execution but denies its conclusiveness upon what is alleged to be another cause of action." *Milam Cnty. Oil Mill Co.*, 163 S.W. at 578. The court emphasized that the jurisdiction of a court is not invaded by the mere assertion of rights in contravention of a judgment so long as the operation of the judgment is left unimpeded. The supreme court in *Milam* concluded it lacked jurisdiction to enjoin a second suit because its prosecution did not directly affect the court's judgment. *See id.* at 579.

Seventy-five years later, the Texas Supreme Court continued applying *Milam*, stating:

> The power of a court to enforce its jurisdiction does not include an authority to prevent the prosecution of any suit to which a judgment of the court may be an effectual bar, but which . . . makes no attempt to disturb it, or to interfere with its execution. . . . The assumption of such right would invest a court not merely with the control of its own judgments and authority to enforce its jurisdiction, but with a further power to govern other courts in the exercise of their lawful jurisdiction; and the result would be that the issue of the conclusiveness of a judgment upon what is urged as a distinct cause of action could never be determined except by the court that rendered it.

*Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989) (orig. proceeding) (quoting *Milam*, 163 S.W. at 578–79).

The parties agree the trial court's plenary power over the *Oakes* litigation expired. Transamerica argues the trial court has jurisdiction over its request for a declaratory judgment because, in the *Oakes* judgment, it expressly "retain[ed] jurisdiction as to all matters relating to

administration, consummation, enforcement and interpretation of the Settlement Agreement and of this Final Order and Judgment, and for any other necessary purpose," and its requested declaratory judgment is a post-judgment enforcement action. In so far as Transamerica's argument relies on any proclamation by the trial court that it could retain jurisdiction beyond what is conferred upon it by statute or the constitution, that argument fails. *See Morales*, 869 S.W.2d at 942.

Transamerica also argues the trial court retained jurisdiction because Transamerica is seeking to enforce the *Oakes* judgment. Texas law grants jurisdiction to trial courts to use suitable methods to cause their judgments to be executed. *See, e.g., Panda Energy*, 91 S.W.3d at 32. Transamerica relies on the following facts to support its contention it seeks to enforce the *Oakes* judgment: (1) Helmer's predecessors were members of the *Oakes* class; (2) they received notice of the *Oakes* settlement and final judgment; and (3) they did not opt out of the class and instead participated in the settlement process. Transamerica does not explain how these facts or its requested declaratory judgment would cause the *Oakes* judgment to be executed or how the California Litigation, if permitted to proceed, may directly interfere with the enforcement of the *Oakes* judgment.

A thorough review of the record shows Transamerica does not seek to execute the *Oakes* judgment, but rather seeks a ruling about whether Helmer's claims in the California Litigation are barred by the *Oakes* judgment. Stated another way, Transamerica desires a ruling about whether Helmer's claims are barred by res judicata. Res judicata prevents the relitigation of a claim or cause of action that has been finally adjudicated. *Engelman Irrigation Dist. v. Shields Bros., Inc.*, 514 S.W.3d 746, 750 (Tex. 2017). Resolution of matters of res judicata belong to the court with jurisdiction over the subsequent litigation. *See generally* TEX. R. CIV. P. 94 (affirmative defenses include res judicata). Before Transamerica filed the current action, it sought dismissal of the

California Litigation on the basis that the *Oakes* judgment resolved the issues presented in the California Litigation. Rather than ruling on the motion, the California court ordered the parties to return to Texas because "[i]t is proper for the court with jurisdiction over the settlement agreement to determine whether [Helmer's] current claims are barred by res judicata." In Texas, Transamerica initially requested an injunction "enjoining [Plaintiff] from prosecuting her claims" in California; the California court then instructed Transamerica to "request a declaratory judgment regarding whether Plaintiff's claims in this [California] action are barred by the *Oakes* Final Judgment." Transamerica did so, asking for "a declaratory judgment holding that Respondent's claims in *Helmer* . . . are barred by the *Oakes* settlement and judgment." The history of this issue in this case shows Transamerica seeks to preclude Helmer from litigating her claims in California because the *Oakes* litigation resolved those issues. Transamerica does not seek to enforce or execute the *Oakes* judgment; it wishes to use the *Oakes* judgment as a shield to prevent further litigation under the principles of res judicata.

The record does not show the California Litigation may interfere with the enforcement of the *Oakes* judgment or obstruct its execution. Rather, Helmer "denies its conclusiveness upon what is alleged to be another cause of action." *See Milam Cnty. Oil Mill Co.*, 163 S.W. at 578. We conclude that the trial court lacked jurisdiction to consider Transamerica's requested declaratory judgment because Helmer's second lawsuit does not directly affect the *Oakes* judgment. When, as here, "the second suit does not affect the efficacy of the judgment, . . . '[t]he remedy lies in the trial court in the defensive plea of res judicata.'" *Panda Energy*, 91 S.W.3d at 34 (quoting *City of Dallas v. Dixon*, 365 S.W.2d 919, 923 (Tex. 1963), *rev'd on other grounds sub nom., Donovan v. City of Dallas*, 377 U.S. 408, 84 S.Ct. 1579, 12 L.Ed.2d 409 (1964)). "To hold otherwise . . . would result in the abandonment of the res judicata defense in favor of extraordinary remedies." *Id.*

Assuming Transamerica is correct in its assertion that Helmer is attempting to relitigate issues finally decided in the *Oakes* judgment, we perceive no direct effect that the California Litigation has on the *Oakes* judgment. The judgment and rights of the parties thereunder are as enforceable now as they were before the California Litigation was filed. *See id.* at 35. To the extent Transamerica is concerned about protracted litigation and conflicting judgments, its potential remedy lies in the California court. *See id.* at 36. Because the California Litigation has no direct effect on the enforcement of the *Oakes* judgment, the trial court did not err by denying Transamerica's amended motion for show cause order and to enforce settlement and final judgment and granting Helmer's plea to the jurisdiction. We overrule Transamerica's first issue.[4]

CONCLUSION

We affirm the trial court's order granting Helmer's plea to the jurisdiction and denying Transamerica's request for a declaratory judgment.

/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

180747F.P05

---

[4] Based on our resolution of Transamerica's first issue, we need not consider its second issue asserting the trial court abused its discretion by not exercising its subject matter jurisdiction. *See* TEX. R. APP. P. 47.1.



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

TRANSAMERICA LIFE INSURANCE
COMPANY, Appellant

No. 05-18-00747-CV          V.

JILLIAN HELMER, Appellee

On Appeal from the 192nd Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-96-06849.
Opinion delivered by Justice Nowell.
Justices Bridges and Brown participating.

In accordance with this Court's opinion of this date, the trial court's order denying appellant Transamerica Life Insurance Company's amended motion for show cause order and to enforce settlement and final judgment and granting appellee Jillian Helmer's plea to the jurisdiction is **AFFIRMED**.

Appellant Transamerica Life Insurance Company's request for mandamus relief is **DENIED**.

It is **ORDERED** that appellee Jillian Helmer recover her costs of this appeal from appellant Transamerica Life Insurance Company.

Judgment entered this 11th day of July, 2019.